UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SCOTT STERN | CASE No.:04-30176-MAP |
| 400 West Main Street | |
| North Adams, Massachusetts | AFFIDAVIT OF SCOTT STERN |
| 01247 | regarding funding from the |
| Plaintiff, | Massachusetts Rehabilitation |
| vs. | Commission |
| University of Massachusetts at | |
| Amherst, | |
| University Health Services, | |
| Director of Health Services, | |
| Bernadette Melby | |
| 150 Infirmary Way | |
| Amherst, Massachusetts 01003, | |
| Defendant et al | |

The undersigned states the following under oath:
1. I am an active Client of the Massachusetts Rehabilitation Commission, located at 85 Main Street, Floor 4, in North Adams, Massachusetts.
2. I originally attended the University of Massachusetts at Amherst between the years 1980 and 1985.
3. I attended the University of Massachusetts in the Fall, 2003 academic year.

the University of Massachusetts at Amherst to "enroll" my person and remove the status of "Administratively Withdrawn".

12. On September 14, 2004, in a submitted and filed EMERGENCY MOTION, to this court, Plaintiff did not inform this court that the reason for the change of status, in addition to allowing Plaintiff to enroll and attend classes at the University was also to have the University of Massachusetts at Amherst Registrar's Office, and the Bursar's office, in their usual capacity, create and generate a tuition bill that can be submitted to the Massachusetts Rehabilitation Commission in order that the Plaintiff, this person, will receive appropriate funding for the Fall 2004 semester.

13. On September 14, 2004, in a submitted and filed EMERGENDY MOTION, to this court, Plaintiff wrote several reasons why irreparable harm would occur if the requested EMERGENCY MOTION for PRELIMINARY DECLARATORY MANDATORY MOTION FOR INJUNCTIVE RELIEF were not allowed, but did not have this new information and knowledge available to his person, for the court to review.

14. On September 15, 2004, in a meeting with my caseworker at the Massachusetts Rehabilitation Commission, Plaintiff, directly and to his person, became knowledgeable and informed at how much an EMERGENCY this situation truly is and that this new information provides this court with additional supplementary information that "irreparable harm" will occur to the Plaintiff, this person, should the University of Massachusetts at Amherst not be ordered to comply with the EMERGENCY PRELIMINARY DECLARATORY MANDATORY

---

4. I enrolled in two courses, with a total amount of credits of six (6) during the Fall of 2003. I received an "A" and a "B" for these two courses.

5. I received my funding for the Fall 2003 semester to attend the University of Massachusetts at Amherst through the Massachusetts Rehabilitation Commission.

6. I attended the University of Massachusetts at Amherst, through the Division of Continuing Education, enrolling in one course for three (3) credits during the Spring Semester of 2004. I received an "AB" for this course. I received funding to attend this course through the Massachusetts Rehabilitation Commission.

7. On September 15, 2004 I had a meeting with

Massachusetts Rehabilitation Commission.

8. On September 15, 2004 I was informed, directly and to my person, by my caseworker, James J. Borowski, M.Ed., C.R.C. that it was mandatory that I become "active" and "enrolled" at the University of Massachusetts at Amherst, "now" or "immediately if not sooner", and before the date of September 21, 2004.

9. On September 15, 2004 I was informed, directly and to my person, that if I did not become "active" and "enrolled" at the University of Massachusetts at Amherst, before September 21, 2004 that I would lose funding for my attendance for the Fall 2004 semester.

10. On September 15, 2004 I was informed, directly and to my person, that if I did not receive a status change from the University before the date of September 21, 2004, the Massachusetts Rehabilitation Commission would not retro-actively pay for any courses monitored or participated in since the beginning of this Fall 2004 semester.

11. On September 14, 2004 I submitted to this court an EMERGENCY MOTION FOR PRELIMINARY DECLARATORY MANDATORY RELIEF requesting

the University of Massachusetts at Amherst to "enroll" my person and remove the status of "Administratively Withdrawn".

12. On September 14, 2004, in a submitted and filed EMERGENCY MOTION, to this court, Plaintiff did not inform this court that the reason for the change of status, in addition to allowing Plaintiff to enroll and attend classes at the University was also to have the University of Massachusetts at Amherst Registrar's Office, and the Bursar's office, in their usual capacity, create and generate a tuition bill that can be submitted to the Massachusetts Rehabilitation Commission in order that the Plaintiff, this person, will receive appropriate funding for the Fall 2004 semester.

13. On September 14, 2004, in a submitted and filed EMERGENDY MOTION, to this court, Plaintiff wrote several reasons why irreparable harm would occur if the requested EMERGENCY MOTION for PRELIMINARY DECLARATORY MANDATORY MOTION FOR INJUNCTIVE RELIEF were not allowed, but did not have this new information and knowledge available to his person, for the court to review.

14. On September 15, 2004, in a meeting with my caseworker at the Massachusetts Rehabilitation Commission, Plaintiff, directly and to his person, became knowledgeable and informed at how much an EMERGENCY this situation truly is and that this new information provides this court with additional supplementary information that "irreparable harm" will occur to the Plaintiff, this person, should the University of Massachusetts at Amherst not be ordered to comply with the EMERGENCY PRELIMINARY DECLARATORY MANDATORY MOTION FOR INJUNCTIVE RELIEF.

I have stated all of the above based upon my own knowledge, information and belief; and so far as upon my information and belief, I believe this information to be true.

Sworn to under the pains and penalties of perjury this day of September 15, 2004.

*[signature: Scott Stern]*

Scott Stern

400 West Main Street

North Adams, Massachusetts 01247

*Massachusetts Department of Transitional Assistance*

Active

# VERIFICATION OF INVOLVEMENT IN A VOCATIONAL REHABILITATION PROGRAM

I hereby certify that __Scott Stern__

SS# _____

Address: __400 West Main St.__
__No Adams, Ma. 01247__

is a client of the Massachusetts Rehabilitation Commission and will continue to be vocationally disabled without completion of the current rehabilitation program.

Currently, the client is actively participating in a rehabilitation program. I anticipate the completion of the program by:

__3 mos.__

The following is a brief description of the rehabilitation program, including the services planned and the vocational goal:

* Counseling Services
* Voc Trng.

Note: Scott needs Mass Health to cover cost(s) of Tx. + Meds.

MRC Staff Signature

_[signature]_                      Date

Title of MRC Staff  VS   9-15-04

EAEDC-6 (Rev. 3/2004)
04-014-0304-05



UNIVERSITY of MASSACHUSETTS
Counseling and Assessment Services
123 Berkshire House
121 County Cir.
Amherst, MA 01003-9256

voice: 413.545.0333
fax: 413.545.2699

September 10, 2004

Prof. Moebius
University of Massachusetts
Amherst, MA 01002

RE:        Scott Stern
ID:        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
Course:    English 256H

Dear Professor Moebius:

I am writing to inform you that your student, Scott Stern, has a documented disability and is being served by Psychological Disabilities Services. I am his case manager. Students with Scott's diagnosis typically have difficulty concentrating and sustaining focus, especially in pressure situations or in environments with many distractions. To help compensate for these difficulties, it is recommended that he be allowed to have academic modifications, namely extra time on exams when needed and access to lecture notes. Access to lecture notes can be achieved by giving Scott copies of your own notes or notes from a student volunteer. Student note-takers can receive one credit for note-taking. When locating a student note-taker, it is requested that the name of the recipient (Scott) of the notes remain confidential.

It is my understanding that Scott will discuss these accommodations with you further. It is my clinical opinion that this modification directly relates to his disability and is necessary for his successful performance in your class. Thank you for your attention to Scott's needs. If you have questions or concerns, please call me at 545-6201.

Sincerely,

Ivar Henningson
Clinical Case Manager
Psychological Disabilities Services

The University of Massachusetts is an Affirmative Action/Equal Opportunity Institution

℗ Printed on Recycled Paper

MICHAEL S. PERLMAN, M. D.
57 GOTHIC STREET
NORTHAMPTON, MASS. 01060

TELEPHONE (413) 584-6186

August 30, 2004

Berkshire Gas
Financial Hardship
115 Cheshire Road
Pittsfield, MA 01201

Dear Sir or Madam:

I am a physician who treats Scott Stern, 400 West Main Street, North Adams, MA 01247.

Because of his chronic illness, it would be a great hardship for him to have his gas shut off.

Feel free to contact me if you have further questions.

Sincerely,

Michael S. Perlman, M.D.