UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT STERN, *pro se*, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 04-30176 |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF MASSACHUSETTS, ) | |
| UNIVERSITY HEALTH SERVICES, ) | |
| DIRECTOR OF HEALTH SERVICES ) | |
| BERNADETTE MELBY, ASSOCIATE ) | |
| COUNSEL BRIAN BURKE, BOARD OF ) | |
| TRUSTEES, et als., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS UNIVERSITY OF MASSACHUSETTS, UNIVERSITY
HEALTH SERVICES, DIRECTOR OF HEALTH SERVICES BERNADETTE
MELBY, ASSOCIATE COUNSEL BRIAN BURKE, AND THE UNIVERSITY OF
MASSACHUSETTS' BOARD OF TRUSTEES'
OPPOSITION, AND SUPPORTING MEMORANDUM,
TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

The above-listed defendants oppose plaintiff Scott Stern's Motion for Preliminary

Injunction and, based upon what follows, request that it be denied.

Background[1]

Mr. Stern is a former student at the University of Massachusetts. In the Fall semester of

2003, Mr. Stern was enrolled in classes that amounted to 6 academic credits. As such, the

University required that Mr. Stern be covered by medical insurance. The medical insurance that

covered Mr. Stern for that semester was paid by the University. Mr. Stern was obligated to pay

the University back for the coverage. He has not done so. Mr. Stern was notified that he was

---

[1] Attached are the Affidavits of University employees, Ms. Bernette Melby, the Director of Health Services, and Thomas Mathers, the Interim Bursar.

1

"administratively withdrawn" from the University for failure to pay the medical insurance money owed. Mr. Stern is precluded from class enrollment until the unpaid medical insurance is paid.

### The University and its Policies

The University of Massachusetts is the "state university." G.L. c. 75, § 1. It is statutorily authorized to be governed by its board of trustees. Id. In 1984, the board of trustees established the University policy that "all students at the University of Massachusetts at Amherst be required to subscribe to the Supplemental Health Benefits Plan, except those who substantiate coverage under some other medical plan or insurance policy providing comparable benefits." University of Massachusetts Official Document T84-022.

### Argument

Mr. Stern seeks to have the University enjoined from preventing his enrollment for his failure to pay for unpaid medical insurance.

When reviewing a Fed.R.Civ.P. 65 preliminary injunction motion, the Court should consider 1) the likelihood he would succeed on the merits, 2) the potential for irreparable injury to him if his motion is not granted, 3) the balancing of the relevant equities (most importantly, the hardship to the nonmovant if the injunction issues as contrasted with the hardship to the movant if interim relief is withheld, and 4) the effect on the public interest of a grant or denial of the injunction. Strahan v. Linnon, 967 F.Supp. 581, 631 (D.Mass. 1997, Woodlock, D.J.), *citing* Naragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991) (citations omitted). Mr. Stern's motion fails at the first point., he is not likely to succeed in this action.

Mr. Stern claims that this action is properly before this court under federal question jurisdiction. See 28 U.S.C. § 1331. He claims that his constitutional equal protection rights have

2

been violated as protected by 42 U.S.C. § 1981 and § 1983. His suit is against the University and two of its employees, in their official capacity, Bernette Melby, the Director of Health Services and Brian Burke, an associate counsel.

The University of Massachusetts is a public institution established under the laws of the Commonwealth of Massachusetts. The Massachusetts General Laws state: "The state university shall be the University of Massachusetts . . . which shall continue as a public institution of higher learning within the system of public higher education[.]" M.G.L. c. 75, § 1. When an action is brought against the University it is considered "one in the same" as if it were brought against the Commonwealth of Massachusetts. Hannigan v. New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc., 367 Mass. 658 (1975). This action against the University is against the Commonwealth of Massachusetts.

The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment bars suits against a State, its departments and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781 (1987)(*per curiam*). Indeed, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985).

Because the University (that is the Commonwealth of Massachusetts) does not consent to suit in this action, that is waived its sovereign immunity, this Court lacks jurisdiction over Mr. Stern's claim against it.

Indeed, the claims against Ms. Melby and Mr. Burke are also not likely to succeed. "[N]either a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Eleventh Amendment immunity extends to state employees to the extent that the employees were sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Mr. Stern's claims are not likely to succeed.

But even if the court were to look past the Eleventh Amendment, there is no apparent federal question before the court. He claims the University violated his constitutional rights by having prohibited him from enrollment by his failure to pay past due bills. Though Mr. Stern's interest to continue his education is important, it is not entitled to constitutional protection. Rodriguez v. San Antonio School District, 411 U.S. 1, 30-35 (1973) (public education is of 'grave significance' but not a fundamental right). There is no federal question before this court.

But even if the Court were look to the merits, Mr. Stern's claim are not likely to succeed. His claim rests on the assertion that a state statute prohibits the University from its requirement students who carry a 5 credit course load or more have medical insurance. That claim is not likely to succeed.

The Massachusetts requirement for student participation in a health insurance plan is set forth in Section 18 of chapter 15A of the Massachusetts General Laws.[2] Section 18 requires institutions of higher education to ensure that every full time and part time student is enrolled in a qualifying student health insurance program. The statute also allows institutions of higher education to permit students to waive out of the program on evidence of participation in a

---

[2] G.L. 15A, § 18; 117 CMR 3.03.

4

comparable private health insurance plan. The statute does not require the waiver, nor does it prohibit institutions from requiring students maintaining less than a 75% credit load to participate in the program. Section 18 indicates that the requirements set forth on institutions are minimum requirements rather than constraints on institutions which may wish to enact requirements more protective of students. Indeed, "one of the primary reasons for mandatory health insurance is to reduce the utilization of the Uncompensated Care Pool (Free Care Pool) by students. The legislative intent of the Qualifying Student Health Insurance Program (QSHIP) is to promote students' access to quality health insurance." See "Introduction to the Qualifying Student Health Insurance Program," published by the Division of Health Care Finance and Policy and found on its website at http://www.mass.gov/dhcfp/pages/dhcfp110.htm.

Section 18 was enacted in view of the common practice among institutions of higher education (including the University of Massachusetts) of requiring all students to participate in student health insurance. In fact, the Board of Trustees of the University of Massachusetts required all students to subscribe to the student health insurance plan (or obtain a waiver) at least as early as 1984. This directive is contained in Trustee Doc. T84-022. The requirement is consistent with the purpose of the statute.

The University's present requirement that students taking 5 credits must participate in the program, or obtain a waiver on a showing of proof of comparable coverage, applies equally to all students. This requirement is set forth in a variety of online and in-print documents sent to all students. Simply put, when you come to the University of Massachusetts you agree to participate in this program, Mr. Stern is no exception.

5

WHEREFORE, for the foregoing reasons, the defendants request that the motion for preliminary injunction be denied.

Respectfully submitted,

UNIVERSITY OF MASSACHUSETTS,
UNIVERSITY HEALTH SERVICES,
DIRECTOR OF HEALTH SERVICES
BERNETTE MELBY, ASSOCIATE
COUNSEL BRIAN BURKE, AND THE
UNIVERSITY OF MASSACHUSETTS'
BOARD OF TRUSTEES'

By: _/s/ Geoffrey B. McCullough_
Geoffrey B. McCullough
Associate Counsel, BBO#558207
University of Massachusetts
One Beacon Street, 26th Floor
Boston, Massachusetts 02108
(617) 287-7030