UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT STERN, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-30176 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF MASSACHUSETTS, | ) | |
| UNIVERSITY HEALTH SERVICES, | ) | |
| DIRECTOR OF HEALTH SERVICES | ) | |
| BERNETTE MELBY, ASSOCIATE | ) | |
| COUNSEL BRIAN BURKE, BOARD OF | ) | |
| TRUSTEES, et als., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF BERNETTE A. MELBY

1. I, Bernette A. Melby, am the Director, University Health Services (UHS), University of Massachusetts Amherst. I have served in this position since July, 1993. In this role I am responsible for the management of University Health Services, including both medical and behavioral health. I am also responsible for compliance with laws, regulations, and policies, including: federal, state, University, and accrediting bodies such as the Joint Commission on Accreditation of Healthcare Organizations (JCAHO). In addition to the management of UHS, I am responsible for the administration of the Student Health Insurance Plan (SHIP).

2. Trustee Policy Supplemental Health Benefits Plan - UM/Amherst, Doc. T84-022 is the guiding document for the administration of SHIP requiring all students of the University of Massachusetts Amherst to have medical insurance. T84-022 is attached. The implementation of this policy, based on past practice, dating back to at least 1974, required all students registered for 5 or more credits provide proof of insurance or be enrolled in a university sponsored plan. This information is provided to all students through numerous written and electronic publications, including but not limited to the Registration Course Guide, application information, New Student Program information, program and department overviews, as well as the Bursar's billing information.

3. Regarding Mr. Scott Stern specifically, he enrolled for six credits in the Spring of 2004. He was ineligible to waiver the SHIP because he did not have comparable medical insurance. Thus, and upon information and belief, the cost for the insurance was entered

1

on his bursar bill and Mr. Stern was indeed covered for medical benefits under the SHIP. The premium for insurance is forwarded to the insurance company regardless of the student's payment to the university. To ensure that students do not go uncovered the university takes responsibility for collecting the money from the student. Mr. Stern failed to pay his complete bursar bill resulting in an outstanding debt owed to the University. Mr. Stern was notified of this debt and with continued non-payment ultimately was administratively withdrawn from the university. Administrative withdrawal means Mr. Stern cannot register for class or receive grades or other privileges related to being a university student.

Signed under the pains and penalties of perjury on September 21, 2004.

*Bernette A. Melby*
Bernette A. Melby, Director
University Health Services
University of Massachusetts Amherst

3

## OFFICIAL DOCUMENT

PERMANENT DOCUMENT NO. __Doc. T84-022__

DOCUMENT TITLE __Supplemental Health Benefits Plan—UM/Amherst__

COMMITTEE __A&SA__   DATE __March 21, 1984__

PASSED BY THE BOARD __6/6/84__

### SUPPLEMENTAL HEALTH BENEFITS PLAN—UM/AMHERST

That all students at the University of Massachusetts at Amherst be required to subscribe to the Supplemental Health Benefits Plan, except those who substantiate coverage under some other medical plan or insurance policy providing comparable benefits. (Doc. T84-022)

Date __6/7/84__

Changes in the vote, Document, etc.

Date _____