UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
[CLERK'S] OFFICE

2004 SEP 28 P 1: 32

[U.S.] DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Scott Stern,<br>400 West Main Street<br>North Adams, MA. 01247,<br>and other persons similarly situated<br>in the Commonwealth of Massachusetts;<br>and other persons similarly situated<br>in the United States of America; and<br>other persons similarly situated not<br>currently residing within the<br>Commonwealth of Massachusetts or the<br>United States of America,<br><br>       Plaintiff,<br>vs. | ) Case No.: 04-30176-MAP<br>)<br>) MOTION TO AMEND COMPLAINT<br>) SEPTEMBER 6th, 2004<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

University of Massachusetts at
Amherst
University Health Services
Director of Health Services,
Bernette Melby
150 Infirmary Way
Amherst, Massachusetts.   01003,
Defendant

and,

University of Massachusetts at
Amherst
Brian Burke, Associate Counsel
300 Whitmore Administration Building
Amherst, Massachusetts   01003
Defendant

and,

Massachusetts Board of Trustees,
One Beacon Street
26th Floor
Boston, Massachusetts   02108
Defendant

and,

_____

Massachusetts Board of
Higher Education
One Ashburton Place
Room 1401
Boston, Massachusetts 02108-1696
Defendant

and,

Division of Health Care
Finance and Policy
Two Boylston Street
Boston, Massachusetts 02116-4737

---

NOW HERE COMES PLAINTIFF AND MOVES this court to AMEND the complaint of September 6, 2004 pursuant to Federal Rules of Civil Procedure 15 (a) Amendment and Supplemental Pleadings:

Plaintiff hereby incorporates, by reference, the allegations of one (1) through fifty-five (55) of the aforementioned complaint as though fully set forth herein.

## COMPLAINT

Plaintiff was subjected to unequal access, unequal communication, unequal treatment by the Director of Health Services, Bernette Melby, Defendant Brian Burke, and Defendant Mr. Getachew of the Division of Health Care Finance and Policy, and was denied the rights, privileges and information accorded other non-disabled individuals. Defendant Melby denied Plaintiff due process to a hearing regarding academic withdrawal status enjoyed by other non-disabled students. Defendant Melby, through wanton, reckless, negligence and/or gross negligence:

1) had information and access through student records of the University that plaintiff is a disabled student,

2) had personal knowledge, by a meeting during the fall 2003 semester with the plaintiff, that the plaintiff is a disabled student.

3) Defendant Bernette Melby may have received additional information from the former Bursar, Dan MaGuffin regarding plaintiff's disability

4) Defendant Bernette Melby sought to gain an advantage over the plaintiff, a disabled student, by demanding, coercing, and threatening plaintiff to participate in a health program plaintiff objected to in violation of Massachusetts Statute, Code and Guidelines during a meeting between the plaintiff and defendant during the fall semester of 2003.

5) Defendant Bernette Melby, through defendant's counsel, said program was paid for by the University of Massachusetts and, information relative to this program had been paid by the University, was billable to Plaintiff, against Plaintiff's rights and privileges accorded other non-disabled students at the University of Massachusetts at Amherst.

6) Defendants did deny plaintiff rights and privileges accorded other non-disabled students with regard to communications, intent, and status of plaintiff in regard to said student health insurance plan and violated plaintiff's personal freedom to choose to enroll or not enroll in said program, a civil right.

7) Defendants did deny plaintiff his ability to freely choose whom he becomes indebted to, by denying plaintiff his right of choice and obligation, a right accorded non-disabled students, a right granted non-disabled students with the free exercise of choice, obligation and indebtedness.

8) Defendants did deny plaintiff the rights enjoyed by other non-disabled students by coercing and forcing plaintiff to purchase and participate in a student health insurance program without his consent and permission, and denying Plaintiff access to said health facilities by not informing plaintiff that said student health insurance plan was paid for by the university.

9) Defendants did deny plaintiff information regarding the University of Massachusetts Board of Trustees document(s), the Code of Massachusetts Regulations, and the Guidelines established by the Division of Health Care Finance and Policy during a meeting at the University of Health Services in the fall semester 2003.

10) Defendant Bernette Melby, did inform Plaintiff's caseworker, of the Massachusetts Rehabilitation Commission, on or around September 15th, 2004, that said plan was not paid, and said plan needed to be paid prior to Plaintiff being enrolled at the University on September 21st, 2004

11) Defendant Bernette Melby did inform Plaintiff's caseworker that said plan must be paid by September 21st, 2004 and would not be admitted to the University, thus acting in a coercive and intimidating manner, under color of law, by stipulating that said health plan, in the amount of $705, was a requirement.

12) Defendant Bernadette Melby denied Plaintiff, and Plaintiff's caseworker, on or around September 15th, 2004, the information relative to Plaintiff's ability to be readmitted to the University after the September 21st, 2004 add/drop period thus denying Plaintiff equal access to the University, equal access to the procedures of re-admittance afforded other non-disabled students, by means a process to become enrolled after this add/drop period, in a manner consistent with intimidation, coercion and extortion, to exact a student health insurance plan against the plaintiff, and to manipulate plaintiff's caseworker by stating that this was the last and final date to be admitted to the University of Massachusetts at Amherst and that "other students don't file injunctions" in regard to the mandated health insurance plan.

13) Defendant Brian Burke denied plaintiff knowledge that said health plan was paid, on or around September 7th, 2004, in email notification with the Plaintiff, and thus denied plaintiff equal access to information, rights, and privileges afforded other non-disabled students at the University of Massachusetts.

14) Defendant Bernette Melby, through defendants counsel, submitted information to the United States District Court, that said student health insurance plan was paid for by the University, and thus denied plaintiff the use of said facilities, the ability to seek medical treatment, the ability to seek professional treatment of resources and facilities offered to other non-disabled students.

15) Defendant Mr Getachew, of the Division of Health Care Finance and Policy did deny plaintiff equal access and due process of law to information regarding guidelines established by the Division of Health Care Finance and Policy and did thereby treat plaintiff with unequal terms accorded other non-disabled students.

WHEREFORE plaintiff prays that this court will allow this motion to amend the original complaint of September 6th, 2004 for the facts and reasons herein stipulated by the plaintiff.

Respectfully submitted to this court, by facsimile transmission, per permission of this court, Judge Saylor presiding, at oral argument of September 23, 2004.

Sworn to under the pains and penalties of perjury this 27th day of September, 2004.

*[signature: Scott Stern]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

## Acknowledgement Certificate

On this 27th day of September, 2004, before me, the Undersigned Notary Public, personally appeared Scott L. Stern Proved to me through satisfactory evidence of indentification, which were drivers license issued by the Commonwealth of Massachusetts, to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose.

*[signature: Sarah E. Delarty]*
Signature of Notary Public

My Commission Expires Oct. 2, 2009

Respectfully submitted to this court, by facsimile transmission, per permission of this court, Judge Saylor presiding, at oral argument of September 23, 2004.

Sworn to under the pains and penalties of perjury this 27th day of September, 2004.

*[signature]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

### Acknowledgement Certificate

On this 27th day of September, 2004, before me, the Undersigned Notary Public, personally appeared Scott L. Stern Proved to me through satisfactory evidence of indentification, which were drivers license issued by the Commonwealth of Massachusetts, to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose.

*[signature]* Sarah E. Delanty
Signature of Notary Public

My Commission Expires Oct. 2, 2009