UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERKS OFFICE

2004 SEP 28 P 1: 32

Scott Stern,                                        ) Case No.: 04-30176-MAP
400 West Main Street                                )    DISTRICT COURT
North Adams, MA.  01247,                            )    DISTRICT OF MASS.
and other persons similarly situated                ) MOTION TO SANCTION DEFENDANTS
in the Commonwealth of Massachusetts;               ) AND DEFENDANTS COUNSEL
and other persons similarly situated                )
in the United States of America; and                )
other persons similarly situated not                )
currently residing within the                       )
Commonwealth of Massachusetts or the                )
United States of America,                            )
                                                    )
          Plaintiff,                                )
     vs.

University of Massachusetts at
Amherst
University Health Services
Director of Health Services
Bernette Melby
150 Infirmary Way
Amherst, Massachusetts.   01003,
Defendant

and,

University of Massachusetts at
Amherst
Brian Burke, Associate Counsel
300 Whitmore Administration Building
Amherst, Massachusetts  01003
Defendant

and,

Massachusetts Board of Trustees,
One Beacon Street
26th Floor
Boston, Massachusetts  02108
Defendant

and,

Massachusetts Board of
Higher Education
One Ashburton Place
Room 1401
Boston, Massachusetts 02108-1696
Defendant

and,

Division of Health Care
Finance and Policy
Two Boylston Street
Boston, Massachusetts 02116-4737

---

NOW HERE COMES PLAINTIFF AND MOVES this court to sanction defendants counsel pursuant to Federal Rules of Civil Procedure 11 (c) (1)(a):

By means of submitted opposition by the defendant's counsel, It should be pointed out, and clearly noted, that the defendant's and defendant's counsel are:

1) incapable of getting their facts and affidavits submitted correct in opposition to the original complaint, and

2) incapable of getting their dates correct relative to the plaintiff's complaint submitted to this court on September 6, 2004 and his accreditation and attendance at the University of Massachusetts at Amherst during the applicable enrollment period.

3) averments and representations that are fraudulent and are misrepresentative of the facts and issues in the complaint of September 6, 2004.

4) Statements and representations that are contrary to generally

accepted Massachusetts General laws and practices relative to the sale and solicitation of insurance premiums and are attempting to establish new law that the University of Massachusetts is entitled to pay insurance on plaintiff's behalf, without his permission and then seek repayment, restitution and legal fees.

Based on these simple, factual and egregious errors on the part of defendants and defendants counsel relative to the complaint filed with this court on September 6, 2004, and having accepted service of said complaint, this court should be highly suspect and be cognizant and aware that counsel is incapable of properly opposing and supporting the facts relative to the aforementioned complaint that it can be inferred that defendants and defendants counsel are most likely incapable of appropriately reading and interpreting statutory law, the Code of Massachusetts Regulations, and the Guidelines established by the Division of Health Care Finance and Policy of the Executive Office of Health and Human Services.

Based on the affidavits and information contained in defendants opposition motion, by defendant's counsel that said health plan was paid by the University, which it has not been, since plaintiff is still being billed by means of a registered letter and by statements by defendants counsels own clients, to plaintiffs caseworker of the Massachusetts Rehabilitation Commission, one week prior to the oral argument before this court, that said bill has not been paid, defendants and their counsel have engaged in violation of the Federal Rules of Civil Procedure Rule 11 (b) and appropriate sanctions should be provided by this court against defendants and defendants counsel.

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: <u>Stern v. University of Massachusetts et als.</u>
Civil Action NO. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please find document dated September 15, 2004, herein referred to as Exhibit "1". This document is a work product of Mr. James J. Borowski in regard to plaintiff's status and inability to register at the University of Massachusetts at Amherst.

Please mark this Exhibit as "1" in the above referenced civil action.

As per the permission of the court, I am submitting this to the court through facsimile transmission.

Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the position of the Massachusetts Rehabilitation Commission in the above referenced civil action regarding the plaintiff. Plaintiff submits this letter in order to have this court issue an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)
    Massachusetts Board of Higher Education
    "Mr. Getachew"

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: Stern v. University of Massachusetts et als.
    Civil Action No. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please find three documents. The first is a printout from the University of Massachusetts W.E. DuBois Library with the government document reference number to locate the document Access to Health Care in Massachusetts: A Catalog of health care programs for uninsured and under insured individuals. Please mark this document as Exhibit "3A".
The second document is a copy of the cover page to the above referenced guide. Please mark this document as Exhibit "3B".
The third document is a copy of page 84, from this guide, and the title of the page is Student Health Insurance. Please mark this document as Exhibit "3C".
The second and third documents are copied from the above referenced guide.
As per permission of the court, this submission is sent to the court by facsimile transmission.
Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the legislative intent of Massachusetts General law Chapter 15A Section 18 and to seek an immediate Temporary Restraining Order against the defendants.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)
    Massachusetts Board of Higher Education
    "Mr. Getachew"

Record:

Author

Title

**Access to health care in Massachusetts : a catalog of health care programs for uninsured and underinsured individuals.**

Publisher    Boston, Mass. : Massachusetts Division of Health Care Finance and Policy, 2000.

Descript     xii, 164 p. ; 28 cm.

| LOCATION | CALL # | STATUS |
|----------|--------|--------|
| UM/Mass. Docs. | MASS. HS 111.2:AC 25 | AVAILABLE |

Note

Subject      "May 2000."

Exhibit "2A"

MASS HSIII. 2. AC 25



312066 0270 3543 1

# ccess to Health Care in Massachusetts

A Catalog of Health Care Programs
for Uninsured and Underinsured Individuals

May 2000

Louis I. Freedman, Commissioner
Massachusetts Division of Health Care Finance and Policy



Argeo Paul Cellucci, Governor
Commonwealth of Massachusetts

William D. O'Leary, Secretary
Executive Office of Health and Human Services

Exhibit "3B"

# Student Health Insurance

Massachusetts requires all full-time and part-time students enrolled in an institution of higher learning in Massachusetts to participate in a qualifying student health insurance program or in a health benefit plan of comparable coverage. A part-time student is defined as a student participating in at least 75% of the full-time curriculum. This law is intended to promote students' access to quality health insurance and to reduce utilization of the Uncompensated Care Pool by students. Institutions of higher learning automatically bill full-time and part-time students for individual membership in the health insurance plan sponsored by the school. Students must purchase the school-sponsored health plan or provide proof of comparable coverage in an alternate health plan in order to enroll in the university or college of their choice. Students who have a health plan with comparable coverage (for example, through their parents or spouse) can request a waiver from participating in the school-sponsored health plan. The burden of proof that the alternate insurance is adequate falls on the student who is signing the waiver. Students and parents should be aware that not all students with alternate coverage get the services they need at the time and place that they need them. For example, many students have health insurance through their parents. If the parents' plan is something other than an indemnity plan, the student faces the possibility of being denied services if the parents' managed care plan does not have a network of providers in the vicinity of the school.

### Eligibility

Full-time and part-time students (75% time or more) enrolled in Massachusetts institutions of higher learning are required to participate. Other students may purchase plans as well. Family plans are also available.

### Benefits/Covered Services

Student health insurance programs must contain the following minimum benefits and benefit levels:

- Inpatient hospitalization (excluding surgery) covers 80% of actual expenses up to $25,000. This includes:
  - room and board
  - hospital services
  - physician fees
- Outpatient services (excluding surgery) for services provided at a physician's office, covers 80% of actual expenses up to $1,500 per illness/accident. Includes expenses incurred in:
  - a physician's office
  - hospital outpatient department or emergency room
  - clinical lab
  - radiological facility
- Surgical coverage covers 80% of actual expenses for surgery performed in an inpatient or outpatient setting up to $5,000 per illness/accident
- Ambulance coverage up to $125 per illness/accident
- High cost procedures (those costing over $200 such as C.A.T. scans, MRI, laser treatment) at 80% up to $2,000 for each illness/accident
- Treatment for mental health and substance abuse conditions
- Maternity benefits

Co-payments or deductibles of $25-$100 may be charged for some types of visits.

### How to Apply

Students are automatically enrolled in their school's plan unless they have submitted a waiver request. For general information about the student health insurance program contact:

Division of Health Care Finance and Policy
2 Boylston Street
Boston, MA 02116
800-888-2250 or 617-988-3100
Email: qship.help@state.ma.us
http://www.state.ma.us/dhcfp

Exhibit "3C"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SCOTT STERN

400 West Main Street

North Adams, Massachusetts

01247

        Plaintiff,

    vs.

University of Massachusetts at

Amherst,

University Health Services,

Director of Health Services,

Bernadette Melby

150 Infirmary Way

Amherst, Massachusetts 01003,

Defendant et al

CASE No.:04-30176-MAP

)
)
) AFFIDAVIT OF SCOTT STERN
) Regarding a conversation with Dan
) MaGuffin, former Bursar of the
) University of Massachusetts at
) Amherst on September 25, 2004
)
)
)
)
)

---

The undersigned states the following under oath:

1. I am a Client of the Massachusetts Rehabilitation Commission.

2. I originally attended the University of Massachusetts at Amherst between the years 1980 and 1985.

3. I attended the University of Massachusetts in the Fall, 2003 academic year.

4. I enrolled in two courses, with a total amount of credits of six (6) during the fall of 2003.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SCOTT STERN

400 West Main Street

North Adams, Massachusetts

01247

       Plaintiff,

    vs.

University of Massachusetts at

Amherst,

University Health Services,

Director of Health Services,

Bernette Melby

150 Infirmary Way

Amherst, Massachusetts 01003,

Defendant et al

CASE No.:04-30176-MAP

)
)
) AFFIDAVIT OF SCOTT STERN
) Regarding a conversation with Dan
) MaGuffin, former Bursar of the
) University of Massachusetts at
) Amherst on September 25, 2004
)
)
)
)
)

The undersigned states the following under oath:

1. I am a Client of the Massachusetts Rehabilitation Commission.

2. I originally attended the University of Massachusetts at Amherst between the years 1980 and 1985.

3. I attended the University of Massachusetts in the Fall, 2003 academic year.

4. I enrolled in two courses, with a total amount of credits of six (6) during the fall of 2003.

5. On or around December 15, 2003 I engaged in a discussion with the Bursar of the University of Massachusetts at Amherst, Dan MaGuffin, at his office in Whitmore Administration Building.

6. During this meeting with Mr. Dan MaGuffin, I, Scott Stern, discussed the situation with the Health Services automatic billing of a Student Health Insurance Plan, the Massachusetts General Laws, my disability and the actions of Bernette Melby, Director of Health Services.

7. During this meeting with Mr. Dan MaGuffin, I, Scott Stern, was extremely upset and distraught over the actions that Bernette Melby was conspiring and fraudulently putting this plaintiff through. This plaintiff was so vehemently upset that he broke down in tears over the blatantly wrong, fraudulent, and misrepresentations over the actions and extortion tactics that Bernette Melby was fraudulently billing and threatening this plaintiff with "administrative withdrawal" one week prior to completion of course work and finals.

8. From this meeting with Dan MaGuffin, I, Scott Stern, was allowed to remain at the University of Massachusetts, through my Massachusetts Rehabilitation Commission Scholarship, and complete my coursework begun during the fall semester of 2003.

9. I, Scott Stern, telephoned Mr. Dan MaGuffin, at his personal residence, on Saturday, September 25, 2004 and asked him several questions regarding the situation that occurred in his office in December of 2003.

10. I, Scott Stern, was informed by Mr. Dan MaGuffin, that he is no longer an employee of the University of Massachusetts at Amherst.

11. On Saturday, September 25, 2004, by telephone conversation, with Mr. Dan MaGuffin, Mr Dan MaGuffin informed me that the reason this plaintiff, Scott Stern, had the ability to remain at the University of Massachusetts at Amherst was not because the Student Health Insurance Plan was paid for by the University. Mr. MaGuffin had telephoned Bernette Melby and was waiting for her to determine an outcome of the

5. On or around December 15, 2003 I engaged in a discussion with the Bursar of the University of Massachusetts at Amherst, Dan MaGuffin, at his office in Whitmore Administration Building.

6. During this meeting with Mr. Dan MaGuffin, I, Scott Stern, discussed the situation with the Health Services automatic billing of a Student Health Insurance Plan, the Massachusetts General Laws, my disability and the actions of Bernette Melby, Director of Health Services.

7. During this meeting with Mr. Dan MaGuffin, I, Scott Stern, was extremely upset and distraught over the actions that Bernette Melby was conspiring and fraudulently putting this plaintiff through. This plaintiff was so vehemently upset that he broke down in tears over the blatantly wrong, fraudulent, and misrepresentations over the actions and extortion tactics that Bernette Melby was fraudulently billing and threatening this plaintiff with "administrative withdrawal" one week prior to completion of course work and finals.

8. From this meeting with Dan MaGuffin, I, Scott Stern, was allowed to remain at the University of Massachusetts, through my Massachusetts Rehabilitation Commission Scholarship, and complete my coursework begun during the fall semester of 2003.

9. I, Scott Stern, telephoned Mr. Dan MaGuffin, at his personal residence, on Saturday, September 25, 2004 and asked him several questions regarding the situation that occurred in his office in December of 2003.

10. I, Scott Stern, was informed by Mr. Dan MaGuffin, that he is no longer an employee of the University of Massachusetts at Amherst.

11. On Saturday, September 25, 2004, by telephone conversation, with Mr. Dan MaGuffin, Mr Dan MaGuffin informed me that the reason this plaintiff, Scott Stern, had the ability to remain at the University of Massachusetts at Amherst was not because the Student Health Insurance Plan was paid for by the University. Mr. MaGuffin had telephoned Bernette Melby and was waiting for her to determine an outcome of the

situation. During this time period however, Mr. MaGuffin "cleared the account of this plaintiff, Scott Stern, and kept this plaintiff in "Good Standing"" until such time there was a resolution to the issue.

12. In the direct words of Mr. Dan MaGuffin on September 25, 2004, by telephone, Mr. Dan MaGuffin, spoke to these direct and verbatim words to this plaintiff: " In lieu of a finite decision, we kept you in a good administrative standing until the issue was straightened out."

13. During this telephone conversation on September 25, 2004, Mr Dan MaGuffin informed this plaintiff that the University of Massachusetts does not have "a formal appeal process" in regard to fees and plans billed by the University of Massachusetts Health Services.

14. During this telephone conversation on September 25, 2004, Mr. Dan MaGuffin informed this plaintiff, that the only means by which to object and appeal a fee or plan of the Health Services at the University of Massachusetts at Amherst is through Bernette Melby, Director of Health Services.

15. During this conversation on September 25, 2004, Mr. Dan MaGuffin informed this plaintiff, that the Bursar's Office of the University of Massachusetts carried out other departments and groups policies, such as the policy of the University of Massachusetts Health Services, and did not create policies or guidelines.

16. During this telephone conversation on September 25, 2004, Mr. Dan MaGuffin informed this plaintiff, that he is now working at Rennselaer Polytechnic Institute and is in the position of Bursar of this institution.

17. During this telephone conversation, I, Scott Stern, asked Mr. Dan MaGuffin if he would be willing to write a letter or an affidavit in regard to these facts and stipulations and send them to the court. Mr. Dan MaGuffin agreed as such and will be doing so on Monday, September 27, 2004.

I have stated all of the above based upon my own knowledge, information and belief; and so far as upon my information and belief, I believe this information to be true.

Respectfully submitted to this court, by facsimile transmission, per permission of this court, Judge Saylor presiding, at oral argument of September 23' 2004.

Sworn to under the pains and penalties of perjury this 27th day of September, 2004.

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

## Acknowledgement Certificate

On this _27th_ day of _September_ 2004, before me, the Undersigned Notary Public, personally appeared _Scott L. Stern_ Proved to me through satisfactory evidence of indentification, which were drivers license issued by the Commonwealth of Massachusetts, to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose.

Signature of Notary Public

My Commission Expires _Oct 2, 2009_