UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERKS OFFICE
2004 SEP 28 P 1:32
US DISTRICT COURT
DISTRICT OF MASS

SCOTT STERN )
400 West Main Street )
North Adams, Massachusetts )
01247 )
      Plaintiff, )
  vs. )
University of Massachusetts at )
Amherst, )
University Health Services, )
Director of Health Services, 
Bernette Melby
150 Infirmary Way
Amherst, Massachusetts 01003,
Defendant et al

CASE No.:04-30176-MAP

AFFIDAVIT OF SCOTT STERN
Regarding a conversation with his
caseworker, James J. Borowski, of the
Massachusetts Rehabilitation
Commission

The undersigned states the following under oath:

1. I am a Client of the Massachusetts Rehabilitation Commission.
2. I originally attended the University of Massachusetts at Amherst between the years 1980 and 1985.
3. I attended the University of Massachusetts in the Fall, 2003 academic year.
4. I enrolled in two courses, with a total amount of credits of six (6) during the fall of 2003.
5. On or around September 15, 2004, I engaged in a discussion with my caseworker, James J. Borowski with respect to a conversation that Mr.

James J. Borowski had with with the Director of Health Services, defendant Bernette Melby, at 150 Infirmary Way, Amherst, Massachusetts in regard to the Qualifying Student Health Insurance Program (QSHIP) and the applicability of this plan according to the law and this students technical status according to the law which did not require him to pay such plan.

6. During this discussion, Mr. Borowski did aver and inform this plaintiff, that defendant Bernette Melby did suggest to Mr. Borowski that the plaintiff would not be able to be enrolled after the 21st of September and did not afford Mr. Borowski any information relative to late admittance and enrollment at the University of Massachusetts at Amherst.

7. During this discussion, Mr. Borowski did aver and inform this plaintiff, that defendant Bernette Melby did suggest that plaintiff should "be like the other students" and just pay the health plan and that the "other", "20,000 students don't file injunctions" and said comments that were disparaging to this plaintiff by means of which were through my caseworker, by making reference and inference that plaintiff was different than the other non-disabled students.

8. During this discussion, Mr. Borowski did was not told that said plan was paid for by the University, but was in fact told that said plan was not paid, and was needed to be paid prior to "registration hold" or "administrative withdrawal" could be removed.

I have stated all of the above based upon my own knowledge, information and belief; and so far as upon my information and belief, I believe this information to be true.

Respectfully submitted to this court, by facsimile transmission, per permission of this court, Judge Saylor presiding, at oral argument of September 23, 2004.

Sworn to under the pains and penalties of perjury this 27th day of September, 2004.

*Scott Stern* (signature)

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

## Acknowledgement Certificate

On this 27th day of September, 2004, before me, the Undersigned Notary Public, personally appeared Scott L. Stern. Proved to me through satisfactory evidence of indentification, which were drivers license issued by the Commonwealth of Massachusetts, to be the person whose name is signed on the preceding document and acknowledge to me that he signed it voluntarily for its stated purpose.

*Sarah K. Doherty* (signature)
Signature of Notary Public

My Commission Expires Oct. 2, 2009