UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT STERN, *pro se*, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 04-30176 |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF MASSACHUSETTS, | ) |
| UNIVERSITY HEALTH SERVICES, | ) |
| DIRECTOR OF HEALTH SERVICES | ) |
| BERNADETTE MELBY, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS UNIVERSITY OF MASSACHUSETTS, UNIVERSITY HEALTH SERVICES, DIRECTOR OF HEALTH SERVICES BERNADETTE MELBY, UNIVERSITY OF MASSACHUSETTS ASSOCIATE COUNSEL BRIAN BURKE, AND UNIVERSITY OF MASSACHUSETTS BOARD OF TRUSTEES' SUPPLEMENT TO THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

At the September 23, 2004, hearing on the plaintiff's motion for a preliminary injunction and the above-listed defendants' opposition, the court instructed the under-signed to address the defendants' Eleventh Amendment argument in view of the First Circuit opinion in University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200 (1st Cir. 1993). What follows is submitted in response to the court's request.

Plaintiff's claims against the above-listed defendants (UMass) are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Consequently, this court lacks subject matter jurisdiction over

1

plaintiff's claims. In general, the Eleventh Amendment bars suits against the state, not only when the state itself is named as a defendant, but also when its agencies are sued. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101 (1984) ([t]he Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest."); Northeast Federal Credit Union v. Neves, 837 F.2d 531, 534 (1st Cir. 1988). As the Supreme Court stated in Dugan v. Rank, 372 U.S. 609, 620 (1963). "[t]he general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain or interfere with the public administration.'...or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" 372 U.S. at 620 (citations omitted). That the relief sought is merely an injunction and not damages is of no significance because, where a state agency is named as a defendant the Eleventh Amendment applies in its full force regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see Alabama v. Pugh, 438 U.S. 781 (1978), and all such claims against such defendants should be dismissed.

Both federal and state courts have concluded that UMass is an "arm of the state." Daniel, 988 F. Supp. at 180-81 (UMass Medical Center entitled to invoke Eleventh Amendment immunity in antitrust case); see Robinson v. Commonwealth, 32 Mass. App. Ct. 6, 9, 584 N.E.2d 636, 638 (1992) (UMass is an agency of the Commonwealth), rev. denied, 412 Mass. 1101, 588 N.E.2d 691 (1992). A claim against the university is a claim against the Commonwealth. Chapman v University of Massachusetts Medical Center. 423 Mass. 584, 670 N.E.2d 166 (1996): McNamara v. Honeyman, 406 Mass. 43, 46-48, 546 N.E.2d 139, 141-43 (1989) (the university is an agency of the Commonwealth of Massachusetts, not a separate entity); Cantwell v. University

of Massachusetts, 551 F.2d 879, 880 (1st Cir. 1977) (UMass as a state entity dismissed from action on ground of sovereign immunity); Hannigan v. New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc., 367 Mass. 658, 327 N.E.2d 882 (1975) (UMass trustees are the same as the Commonwealth). UMass is an arm of the state for Eleventh Amendment purposes.

Where a subordinate entity is sued in federal court and claims that it operates as an arm of the state for Eleventh Amendment purposes, courts take a number of factors into account in determining whether the entity may appropriately claim the benefit of the state's Eleventh Amendment immunity. In University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1205 (1st Cir. 1993), the First Circuit wrote, "[w]e have propounded an illustrative list of criteria – by no means exhaustive – often germane to the Eleventh Amendment 'arm' or 'alter ego' determination, including whether the entity (1) performs an 'essential' or 'traditional' governmental function, as opposed to a nonessential or merely proprietary one; (2) exercises substantial autonomy over its internal operations; (3) enjoys meaningful access to, and control over, funds not appropriated from the State treasury; (4) possesses the status of a separate 'public corporation'; (5) may sue and be sued in its own name; (6) can enter into contracts in its own name; (7) has been granted a state tax exemption on its property; or (8) has been expressly debarred from incurring debts in the State's name or behalf.".

It appears that the essential focus is whether any underlying financial liability of the entity is that of the state, not whether appropriated funds are in fact used to satisfy such a liability. Regents of the University of California v. Doe, 519 U.S. 425 (1997); Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 51 (1994). Application of these factors demonstrates that UMass is an arm of the state for purposes of the Eleventh Amendment. Daniel v. American

Board of Emergency Medicine, 988 F. Supp. 127, 181 (W.D.N.Y. 1997) (holding that UMass was entitled to claim the immunity from suit accorded by the Eleventh Amendment).

UMass is a state university created by statute. Mass. G.L. c. 75, § 1. Its function is to provide a quality program of higher education throughout the Commonwealth, a quintessential governmental function. Mass. G.L. c. 75, § 2; see Chesterton, 2 F.3d at 1206. UMass is governed by a board of 19 voting trustees 17 of whom are appointed by the governor of the Commonwealth to serve five-year terms.[1] Mass. G.L. c. 75, § 1A. The trustees are responsible for establishing the policies necessary for the administrative management of personnel, staff services, and the general business of the university. Mass. G. L. c. 75, § 1A. They also have the duty to manage and administer, on the Commonwealth's behalf, the university and all real and personal property belonging to the Commonwealth and used or occupied by the university. Mass. G.L. c. 75, § 12. The trustees are permitted to delegate certain authority or responsibility to the president of the university, or other officers of the university, Mass. G.L. c. 75, §§ 1A, 3A, and were given the authority to establish schools or colleges of the university to meet the needs of the Commonwealth in the field of public higher education. Mass. G.L. c. 75, § 2.

Each campus has a council appointed by the trustees, which advises the campus president and the trustees. Mass. G.L. c. 75, § 14B; Daniel, 988 F. Supp. at 178. The trustees are empowered to adopt, amend, or repeal rules and regulations for the government of the university, but are required to comply with certain provisions of the state Administrative Procedure Act. Mass. G.L. c. 75, § 3. The Commonwealth is required to "indemnify a member of the board [of

---

[1] The other two members of the board are students with one-year terms. Mass. G.L. c. 75, § 1A.

trustees] against loss by reason of the liability to pay damages to a party for any claim arising out of any official judgment, decision, or conduct of said member; provided, however, that said member has acted in good faith and without malice; and provided, further, that the defense or settlement of such claim shall have been made by the attorney general or his designee." Mass. G.L. c. 75, § 1A. The trustees must submit recommendations for tuition rates to the Board of Higher Education for approval. Mass. G.L. c. 75, § 1A.

All officers and employees of the university, professional and non-professional, are employees of the Commonwealth, irrespective of the source from which their salaries or wages are paid. Mass. G.L. c. 75, § 14. These employees retain the same retirement benefits, group insurance, industrial accident coverage, and other coverage as all other Commonwealth employees retain. Mass. G.L. c. 75, § 14. The trustees appoint the senior management positions. Mass. G.L. c. 75, § 14.

UMass was established pursuant to Mass. G.L. c 75, § 1 (St. 1863, c. 220, § 1). It is a state institution in that it is operated and administered by the Commonwealth through the trustees. Mass. G.L. c. 75, §§ 1, 1A; <u>Daniel</u>, 988 F. Supp. at 179. All university accounts, under the direction and control of the trustees, are audited annually by the state auditor. Mass G.L. c. 75, § 6; <u>see Daniel supra</u>. The trustees are required to prepare and submit a detailed budget for the university, including the medical school, to the Governor. Mass. G.L. c. 75, § 7; <u>see Daniel supra</u>. Section 8 of chapter 75 provides that "the general court shall annually appropriate such sums as it deems necessary for the maintenance, operation and support of the university; and such appropriations shall be made available by the appropriate state officials for expenditure through allotment, transfer within and among subsidiary accounts, advances from the state

treasury in accordance with the provisions of sections [24, 25, and 26] of chapter [29], or for disbursement on certification to the state comptroller in accordance with the provisions of section [18] of said chapter [29], as may from time to time be directed by the trustees or an officer of the university designated by the trustees."

Further, monthly statements of the receipts and expenditures must be made to the state comptroller and a complete financial report covering all receipts and expenditures is given annually to the Governor and the legislature. Mass. G.L. c. 75, § 10. See Chesterton, 2 F.3d at 1211 (submission of annual report with detailed statements of receipts and expenditures indicates an arm of the state) citing University of Tennessee v. United States Fidelity and Guaranty Co., 670 F. Supp. 1379 (E.D. Tenn. 1987). Umass cannot issue bonds to raise revenue as it cannot sue or be sued in its own name, and it is financially accountable to the Commonwealth. See Daniel, 988 F. Supp. at 180; McNamara v Honeyman, 406 Mass. 43, 46-48, 546 N.E.2d 139, 141-43 (1989) (university is an agency of the Commonwealth and not a separate entity). Under the guidance of the analysis proposed by Chesterton, it still appears that the University of Massachusetts and the Commonwealth of Massachusetts are one and the same and that the University should share the Commonwealth's Eleventh Amendment immunity.

WHEREFORE, for the foregoing reasons, the defendants request that the motion for preliminary injunction be denied.

Respectfully submitted,

UNIVERSITY OF MASSACHUSETTS, UNIVERSITY HEALTH SERVICES, DIRECTOR OF HEALTH SERVICES BERNETTE MELBY, ASSOCIATE COUNSEL BRIAN BURKE, AND THE UNIVERSITY OF MASSACHUSETTS' BOARD OF TRUSTEES'

By: /s/ Geoffrey B. McCullough
Geoffrey B. McCullough
Associate Counsel, BBO#558207
University of Massachusetts
One Beacon Street, 26th Floor
Boston, Massachusetts 02108
(617) 287-7030 Phone
(617) 287-7188 Fax

## CERTIFICATE OF SERVICE

I CERTIFY that, on September 28, 2004, a true and correct copy of the foregoing document was mailed to the plaintiff, Scott Stern, 400 West Main Street, North Adams, MA 01247.

/s/ Geoffrey B. McCullough
Geoffrey B. McCullough

7