UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT STERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF MASSACHUSETTS AT ) | |
| AMHERST; UNIVERSITY OF ) | Civil Action No. |
| MASSACHUSETTS HEALTH SERVICES; ) | 04-30176-FDS |
| BERNADETTE MELBY, DIRECTOR OF ) | |
| HEALTH SERVICES; BRIAN BURKE, ) | |
| ASSOCIATE COUNSEL, UNIVERSITY OF ) | |
| MASSACHUSETTS AT AMHERST; ) | |
| UNIVERSITY OF MASSACHUSETTS ) | |
| BOARD OF TRUSTEES; ) | |
| MASSACHUSETTS BOARD OF HIGHER ) | |
| EDUCATION; DIVISION OF HEALTH ) | |
| CARE FINANCE AND POLICY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

On September 28, 2004, plaintiff Scott Stern, proceeding *pro se*, filed a Motion to Sanction Defendants and Defendants [sic] Counsel (Docket #21), citing Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure. Under Rule 11, an attorney or unrepresented party who presents to the court a pleading, written motion, or other paper certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,"

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation:

>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions therein have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). This certification requirement expressly applies to attorneys and unrepresented parties alike. Under Rule 11(c)(1)(A), a party may seek sanctions for violations of Rule 11 by describing "the specific conduct alleged to violate" the rule. The party seeking sanctions is required to serve the motion as provided in Rule 5 but not file or present it to the court unless "the challenged paper, claim, defense, contention, allegation, or denial" is not withdrawn or appropriately corrected within 21 days.

There is no indication that plaintiff has complied with the 21-day waiting period required by Rule 11(c)(1)(A) for the filing of a motion for sanctions. Furthermore, plaintiff's motion fails to describe the specific conduct by defendants and defendants' counsel that violates Rule 11(b). Indeed, plaintiff's motion points to nothing other than straightforward disagreements over the factual and legal issues in this case. Plaintiff's motion for sanctions is therefore DENIED. **So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: October 15, 2004