September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

                Re: <u>Stern v. University of Massachusetts et als.</u>
                    Civil Action Number 04-30176

Dear Mr. Anastas,

    Please be advised that the United States Department of Education's Office of Civil Rights has returned a telephone call to the plaintiff in the above referenced action. This telephone call was received on September 27, 2004 at approximately 1:30 in the afternoon. The Office of Civil Rights indicated that they will be assigning an investigator in the above referenced action.
    Please mark this letter as Exhibit "16" in the above referenced action.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to inform the court that other proceedings will be conducted in regard to the above referenced civil action.

Thank you.

Sincerely,

*[signature: Scott Stern]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey McCullough
    Massachusetts Board of Higher Education
    "Mr Getachew"

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

> Re: <u>Stern v. University of Massachusetts et als.</u>
> Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please find document dated September 15, 2004, herein referred to as Exhibit "1A". This document is a work product of Mr. James J. Borowski in regard to plaintiff's status and inability to register at the University of Massachusetts at Amherst.
    Please mark this Exhibit as "1" in the above referenced civil action.
    As per the permission of the court, I am submitting this to the court through facsimile transmission.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the position of the Massachusetts Rehabilitation Commission in the above referenced civil action regarding the plaintiff. Plaintiff submits this letter in order to have this court issue an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

*[signature: Scott Stern]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247


Cc: Geoffrey B. McCullough (with enclosure)
    Massachusetts Board of Higher Education
    "Mr. Getachew"



*The Commonwealth of Massachusetts*
**Executive Office of Health and Human Services**
**Massachusetts Rehabilitation Commission**
*85 Main Street/Room 426*
*North Adams, MA 01247*
Telephone (413) 663-5391 (Voice/TTY)
Fax (413) 664-7963

**W. MITT ROMNEY**
GOVERNOR
**ROBERT P. PRESTON**
SECRETARY
**ELMER C. BARTELS**
COMMISSIONER

September 15, 2004

University of Massachusetts
215 Whitmore Building
Amherst, MA 01003

To Whom It May Concern:

I am writing this letter at the request of my client Scott Stern.

Mr. Stern has been put on "Registration Hold" at University of Massachusetts, Amherst as a result of an outstanding Student Health Insurance bill of $705.00 which he has accrued for the Fall, 2003 semester.

Since Mr. Stern is on "Registration Hold" there is no basis for the Massachusetts Rehabilitation Commission fiscal participation until this matter is cleared up between Mr. Stern and the officials at University of Massachusetts.

Sincerely,

James Borowski
Unit Supervisor

Exhibit "1"

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

      Re: <u>Stern v. University of Massachusetts et als.</u>
          Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please find three documents. The first is document dated January 26, 2004, from the Student Legal Services Office, herein referred to as Exhibit "17A", the second document is dated January 6, 2004, herein referred to as Exhibit "17B", the third document is the cover sheet indicating that a fax transmittal was sent to Bernette Melby of the University of Massachusetts Health Services, herein referred to as Exhibit "17C".
    The letters indicate the attempt to clarify the Student Health Insurance or QSHIP program in regard to the plaintiff in the above referenced civil action.
    The letters also indicate that Bernette Melby, Director of Health Services did not reply to the inquiries of this individual, Suman Rastogi over a three week period of time.
    Please mark these Exhibits as "17A", "17B" and "17C" respectively.
    As per the permission of the court, I am submitting this to the court through facsimile transmission.
    Pursuant to the Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the action pending, the actions of the defendants, and to seek an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

*Scott Stern*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)

# Student Legal Services Office
### University of Massachusetts
922 Campus Center, 1 Campus Center Way
Amherst, MA 01003-9243

Charles J. DiMare  
Director

(413) 545-1995  
FAX: (413) 545-2373

Michele L. Leaf  
Senior Staff Attorney  
Lisa G. Kent  
Staff Attorney

January 26, 2004

Bernette A. Melby  
Director  
University Health Services  
University of Massachusetts  
Amherst, MA 01003

Dear Ms. Melby,

    I have sent you letter dt. 01/06/2004 regarding Q-Ship for part-time students taking less than 9 credits. I have not received your response. It is urgent as Spring Semester has started and students want to know the legal view in this regard.

    I will appreciate if your office can send information about Q-Ship for part-time students taking less than 9 credits.

Sincerely

*Suman Rastogi*  
Suman Rastogi  
Law Clerk

Encl: Copy of the letter dt. 01/06/2004

*Serving the Students at the University of Massachusetts Amherst*

Exhibit "7A"

January 6, 2004

Bernette A. Melby
Director
University Health Services
University of Massachusetts
Amherst, MA 01003

Dear Ms. Melby,

    Some undergraduate students, who are taking 6 or more credits but less than 9 credits, have approached our office as UMass has asked them to participate in Q-SHIP program. The students feel that they are not required to do so under the law because they are enrolled for less than 9 credits. I have done some research and found that M.GL.c.15A s.18 and 114.6 CMR 3.00 define a part-time student to be a student who is participating in at least seventy-five percent of the full-time curriculum (i.e. 9 credits) I could not find any legal provision, which requires the students taking less than 9 credits to participate in Q-SHIP program.

    It would be appreciated if your office could send me a copy of the legal provisions under which the UMass is asking the students enrolled in less than 9 credits to participate in Q-SHIP program. Thank you for your assistance.

Sincerely

*Suman Rastogi*

Suman Rastogi
Law Clerk
Student Legal Services Office


Encl: 1. M.GL.c.15A s.18
       2. 114.6CMR3.00

Exhibit "17B"

# FAX TRANSMITTAL

**University Health Services**
**University of Massachusetts**
**150 Infirmary Way**
**Amherst, MA 01003-4310**
**413-577-5000**

*Faxed From:*
| | | |
|---|---|---|
| Medical Records | 413-577-5440 | ☐ |
| New Student Imm. | 413-577-3252 | ☐ |
| Mental Health | 413-545-9602 | ☐ |
| Administrative | 413-577-5488 | ☐ |
| Specialty Clinics | 413-577-5016 | ☐ |
| Pharmacy | 413-577-5024 | ☐ |
| Billing | 413-577-5023 | ☐ |

DATE: 1/27/04

ATTENTION: Chuck DiMare

FAX NUMBER: 5-2373

FROM: Bernie Melby

RE: Insurance

NUMBER OF PAGES (INCLUDING COVER SHEET): _____

THE DOCUMENTS ACCOMPANYING THIS TRANSMISSION ARE **STRICTLY CONFIDENTIAL** AND ARE INTENDED FOR USE BY THE INDIVIDUAL(S) NAMED ON THE TRANSMISSION SHEET **ONLY**. IF YOU ARE **NOT** THE INTENDED RECIEPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN THE RELIANCE ON THE CONTENTS OF THIS FACSIMILE IS **STRICTLY PROHIBITED** AND ALL PERSONS ARE ADVISED THAT THEY MAY BE PROSECUTED UNDER FEDERAL LAW AND STATE LAW.

IN THIS REGARD, IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENT(S).

PLEASE CALL (PERSON FAXING MATERIAL): _____

AT (PHONE #): _____  TO ACKNOWLEDGE RECEIPT

NOTES: _____

Exhibit "C"

Mail :: Sent: Attn;Susan Mullen

Page 1 of 1

INBOX | Compose | Folders | Options | Search | Post Office | Help | Logout    Open Folder [Sent]

Move Copy [This message to]

Delete | Reply | Reply to All | Forward | Redirect | Blocklist | Message Source | Save as | Print    Back to Sent

Date: Tue, 13 Jan 2004 13:42:49 -0500
From:
To: Student Lth. help @ State ma . US
Subject: Attn;Susan Mullen

Dear Ms.Mullen,
    Some undergraduare students, who are taking 6 or more credits but less than 9 credits, have approached our office as UMass has asked them to participate in Q-SHIP program. The students feel that they are not required to do so because they are enrolled for less than 9 credits. I have done some research and found that M.GL.C.15A s.18 and 114.6 CMR 3.00 define a part-time student to be a student who is participating in at least seventy-five percent of the full-time curriculum (i.e.9 credits) I could not find any legal provision, which requires the students taking less than 9 credits to participate in Q-SHIP program.

    Please let us know whether Umass is righly/wrongly asking the students to participate in Q-SHIP program? It would be appreciated if you could send me a copy of the legal provisions under which the UMass is asking the students enrolled in less than 9 credits to participate in Q-SHIP program. Thank you for your assistance.

Sincerely

Suman Rastogi
Law Clerk
Student Legal Services office
922 Campus Center
University of Massachusetts,
Amherst,MA01003
Fax:413-545-2373


Delete | Reply | Reply to All | Forward | Redirect | Blocklist | Message Source | Save as | Print    Back to Sent
Move Copy [This message to]

https://mail-www4.oit.umass.edu/horde/imp/message.php?index=674

Exhibit "C"

1/13/04

# Student Legal Services Office

University of Massachusetts
922 Campus Center, 1 Campus Center Way
Amherst, MA 01003-9243

Charles J. DiMare
Director

(413) 545-1995
FAX: (413) 545-2373

Michele L. Leaf
Senior Staff Attorney
Lisa G. Kent
Staff Attorney

January 15, 2004

Division of Health Care Finance & Policy
Two Boylston Street
Boston, MA 02116-4704

Re: Q-Ship for part-time students taking less than 9 credits

Dear Sir/Madam,

    Some undergraduate students, who are taking 6 or more credits but less than 9 credits, have approached our office as UMass has asked them to participate in Q-SHIP program. The students feel that they are not required to do so because they are enrolled for less than 9 credits.
    I have done some research and found that M.GL.c.15A s.18 and 114.6 CMR 3.00 define a part-time student to be a student who is participating in at least seventy-five percent of the full-time curriculum (i.e. 9 credits) I could not find any legal provision, which requires the students taking less than 9 credits to participate in Q-SHIP program. I have also inquired from Bursar Office and UHS of UMASS about this but they do not know and ask me to contact your office.

    Please let us know whether UMass is rightly/wrongly asking the students to participate in Q-SHIP program? It would be appreciated if you could send me a copy of the legal provisions under which the UMass is asking the students enrolled in less than 9 credits to participate in Q-SHIP program. Thank you for your assistance.

Sincerely

*Suman Rastogi*
Suman Rastogi
Law Clerk

Exhibit "15b"

# Student Legal Services Office
### University of Massachusetts
922 Campus Center, 1 Campus Center Way
Amherst, MA 01003-9243

Charles J. DiMare
Director

(413) 545-1995
FAX: (413) 545-2373

Michele L. Leaf
Senior Staff Attorney
Lisa G. Kent
Staff Attorney

January 26, 2004

Division of Health Care Finance & Policy
2, Boylston Street
Boston, MA 02116-4704

**Re: Q-Ship for part-time students taking less than 9 credits**

Dear Sir /Madam

   I have sent you letter dt.01/15/2004 regarding Q-Ship for part-time students taking less than 9 credits. I have not received your response. It is urgent as Spring Semester has started and students want to know the legal view in this regard.
   I will appreciate if your office can send information about Q-Ship for part-time students taking less than 9 credits.

Sincerely

*Suman Rastogi*
Suman Rastogi
Law Clerk

Encl: Copy of letter dt.01/15/04



*Serving the Students at the University of Massachusetts Amherst*
*Supported through Student Activities Fees*

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

   Re: <u>Stern v. University of Massachusetts et als.</u>
    Civil Action NO. 04-30176

Dear Mr. Anastas,

  Enclosed for filing in the above referenced civil action, please find three documents. The first is dated January 26, 2004, herein referred to as "15A", the second is dated January 15, 2004, herein referred to as "15B", the third is dated January 13, 2004, herein referred to as "15C". Please mark these three documents as Exhibits "15A", "15B" and "15C" respectively for the above referenced action.
  Each letter was the work product of a Suman Rastogi, of the Student Legal Services Office, in regard to the objection of the mandating student health insurance by this plaintiff.
  The lack of cooperation, the direct remarks in violation of Statutory Provisions, led plaintiff to seek this action on behalf of himself and the class members.
  This same individual, Suman Rastogi, a Law Clerk, telephoned a "Mr. Getachew" at the Division of Health Care Finance and Policy.
  The letters clearly demonstrate that the Division of Health Care Finance and Policy were avoiding the discussion of the issue and it would appear, on its face value, that they may have been conspiring to defraud the students of the class members.
  As per the permission of the court, I am submitting this to the court through facsimile transmission.

Thank you.

Sincerely,

*/s/ Scott Stern*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247


Cc: Geoffrey B. McCullough (with enclosure)
  Massachusetts Board of Higher Education
  "Mr Getachew"

Charging students enrolling in 5, 6, 7 and 8 credits is in violation of Chapter 15A §18; Code of Massachusetts Regulations 114.6 CMR 3.00; and the Catalog of Health Care Programs for Uninsured and Underinsured Individuals, third Edition, May 2004, Massachusetts Division of Health Care Finance and Policy, Executive Office of Health and Human Services, His Excellency Mitt Romney, Governor, Ronald Preston, Secretary, Commonwealth of Massachusetts

The website below is that catalog, an official website of the Massachusetts State Government.

http://www.mass.gov/dhcfp/pages/pdf/access.pdf

Please go to page 103, under "Eligibility", of this Massachusetts Executive Document and one will see the Legislative Intent of Chapter 15A § 18.

Most respectfully submitted,

*Scott Stern* (signature)

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247
sls@student.umass.edu

Exhibit SB

September 17, 2004

To the honorable Judge Saylor,

The question of Legislative intent relative to Massachusetts General Chapter 15A §18 can be located at the following web address. This web address is Massachusetts Government, the Division of Health Care Finance and Policy, Executive Office of Health and Human Services.

Chapter 15A §18 relative to QSHIP was, and is, specific. Part-time students taking 75% or more are required to enroll in QSHIP. The fact is, if the University of Massachusetts Health Services, and the University of Massachusetts Board of Trustees received this same document, and acted as they did, then they knowingly violated the class members their rights. The law, in both the Green Volume M.G.L.A. and the Code of Massachusetts Regulations is specific by stating "at least 75%", which does not imply "less than 75% but rather, a minimum standard to be met. No where does there need to be a reference to the individual institutions because the 75% is a relative number "dependent on what the campus considers full-time enrollment". At the University of Massachusetts, full-time enrollment is 12, and 75% or more of 12 would be 9, 10 and 11.

Exhibit 5A

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

      Re: <u>Stern v. University of Massachusetts et als.</u>
          Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please find two documents. The first documents has the date of September 17, 2004 on it, please mark this one as Exhibit "5A". The letter is directed to the honorable Judge Saylor.
    This document, written in a larger font, explains where one can find the legislative intent of Massachusetts General Law Chapter 15A
    Section 18. The website contained on page two, Exhibit "5B" is a direct link to the Division of Health Care Finance and Policy website.
    This letter further clarifies and explains what the minimum threshold for mandating a student to participate in the Qualifying Student Health Insurance Program.
    Please mark the first page as Exhibit "5A". Please mark the second page as Exhibit "5B".
    As per the permission of the court, I am submitting this to the court through facsimile transmission.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)
    Massachusetts Board of Trustees
    "Mr Getachew"

RCPTID: BOUGROC

**University of Massachusetts**    **Statement of Activity**    12-FEB-2004
**Amherst**
**Statement of Account**    Account Balance as of    12-FEB-2004    1211.00
Telephone number    Minimum Payment Due to Avoid a Penalty:    1211.00
Bursar's Office: (413)545-2368    Payment Due Date:    08-MAR-2004

Student ID    15367709    Stern, Scott L

### Account Summary

| | |
|---|---|
| Prior Statement Amount | 2799.00 |
| Payments and Financial Aid | -2283.00 |
| Charges and Adjustments | 695.00 |
| Current Amount Due | 1211.00 |
| Current Amount Due without waivable fees | 1211.00 |

### Current Account Activity

| ITEM DESCRIPTION | TERM/SESSION | POSTING DATE | ITEM AMOUNT |
|---|---|---|---|
| **Payments and Financial Aid:** | | | |
| Mass Rehab Scholarship fall | Fall 2003 | | -2094.00 |
| CE Payment | Sprng 2004 | 09-FEB-2004 | -189.00 |
| **Total Payments and Financial Aid** | | | **-2283.00** |
| **Charges and Adjustments:** | | | |
| Child Care | Sprng 2004 | 08-DEC-2003 | 1.00 |
| Child Care | Sprng 2004 | 05-FEB-2004 | -1.00 |
| Curriculum Fee Ugrad In-State | Sprng 2004 | 08-DEC-2003 | 1740.50 |
| Curriculum Fee Ugrad In-State | Sprng 2004 | 05-FEB-2004 | -1740.50 |
| Mandatory Health Fee Ugrad | Sprng 2004 | 08-DEC-2003 | 266.00 |
| Mandatory Health Fee Ugrad | Sprng 2004 | 05-FEB-2004 | -266.00 |
| Mass PIRG | Sprng 2004 | 08-DEC-2003 | 7.00 |
| Mass PIRG | Sprng 2004 | 05-FEB-2004 | -7.00 |
| Service Fee Ugrad | Sprng 2004 | 08-DEC-2003 | 559.50 |
| Service Fee Ugrad | Sprng 2004 | 05-FEB-2004 | -559.50 |
| Student Activities Fee Ugrad | Sprng 2004 | 08-DEC-2003 | 28.00 |
| Student Activities Fee Ugrad | Sprng 2004 | 05-FEB-2004 | -28.00 |
| Student Health Insurance Plan | Sprng 2004 | 08-DEC-2003 | 705.00 |
| Student Health Insurance Plan | Sprng 2004 | 05-FEB-2004 | -705.00 |
| CE Registration Fee | Sprng 2004 | 05-FEB-2004 | 35.00 |
| Online Course | Sprng 2004 | 05-FEB-2004 | 660.00 |
| **Total Charges and Adjustments** | | | **695.00** |

### Messages

If you are an active student this semester, please pay by due date to avoid a registration hold. If you are withdrawn, failure to pay will result in additional collection activity.

---

**Detach and Return with Payment**

**Student ID 15367709**

Please remember to:
- Make check payable to UNIVERSITY OF MASSACHUSETTS
- Include your Student ID on the check.
- Allow 7 days for mailing to ensure proper credit.

Current Amount: 1211.00
Payment Due: 08-MAR-2004
Amount Paid: _____

Mail payment to:

Stern, Scott L
400 West Main St.
North Adams, MA 01247

Bursar's Office
215 Whitmore Administration Bldg
181 President's Drive
Amherst, MA 010039313

Exhibit

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: Stern v. University of Massachusetts et als.
    Civil Action NO. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please find one document. This document is an actual Statement of Activity for the plaintiff in the above referenced action. This Statement of Activity is dated February 12, 2004. This statement shows the court several things. First, that the plaintiff received funding from the Massachusetts Rehabilitation Commission. Secondly, that the charge for the Student Health Insurance is referred to as a "plan" and the dollar amount plaintiff is referring to in the above referenced action.
Please note, the bill shows a charge in December of 2003 confirming that the defendant Bernette Melby, Director of Health Services, refused to waive this fee, and began a process of harassment against this individual during the final weeks of the fall 2003 semester.
Plaintiff herein requests that this document be marked as Exhibit "9". This document is generated by the Bursar's Office from the University. It should be noted that the dollar amount due is taking into consideration a pre-payment of $189.00 for a continuing education course. The bill amount reflects the charge for the Student Health Insurance amount of $705.00 dollars and the balance for the Continuing Education Course for Spring 2004.
The reason for this submission is to allow the court to better understand the Policies at the University of Massachusetts at Amherst and their conduct accordingly in the above referenced action.
Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the action pending and to seek an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)

Access to Health Care in Massachusetts

# Student Health Insurance

Massachusetts requires all full-time and part-time students enrolled in an institution of higher learning in Massachusetts to participate in a qualifying student health insurance program or in a health benefit plan of comparable coverage. A part-time student is defined as a student participating in at least 75% of the full-time curriculum. This law is intended to promote student access to quality health insurance and to reduce utilization of the Uncompensated Care Pool by students. Institutions of higher learning automatically bill full-time and part-time students for individual membership in the health insurance plan sponsored by the school. Students must purchase the school-sponsored health plan or provide proof of comparable coverage in an alternate health plan in order to enroll in the university or college of their choice. Students who have a health plan with comparable coverage (for example, through their parents or spouse) can request a waiver from participating in the school-sponsored health plan. The burden of proof that the alternate insurance is adequate falls on the student who is signing the waiver.

Students and parents should be aware that not all students with alternate coverage get the services they need at the time and place that they need them. For example, many students have health insurance through their parents. If the parents' plan is something other than an indemnity plan, the student faces the possibility of being denied services if the parents' managed care plan does not have a network of providers in the vicinity of the school.

**Eligibility**

Full-time and part-time students (75% time or more) enrolled in Massachusetts institutions of higher learning are required to participate. Other students may purchase plans, and family plans are also available.

**Benefits/Covered Services**

Student health insurance programs must contain the following minimum benefits and benefit levels:

- Inpatient hospitalization (excluding surgery) covers 80% of actual expenses up to $25,000. This includes:
  - room and board
  - hospital services
  - physician fees
- Outpatient services (excluding surgery) for services provided at a physician's office, covers 80% of actual expenses up to $1,500 per illness/accident. Includes expenses incurred in:
  - a physician's office
  - hospital outpatient department or emergency room
  - clinical lab
  - radiological facility
- Surgical coverage covers 80% of actual expenses for surgery performed in an inpatient or outpatient setting up to $5,000 per illness/accident
- High cost procedures (those costing over $200 such as C.A.T. scans, MRI, laser treatment) at 80% up to $2,000 for each illness/accident
- Ambulance coverage up to $125 per illness/accident
- Treatment for mental health and substance abuse conditions
- Maternity benefits

Out-of-network services may be associated with an additional copayment or charge which varies according to plan.

**How to Apply**

Students are automatically enrolled in their school's plan unless they have submitted a waiver request. For general information about the student health insurance program contact:

Division of Health Care Finance and Policy
2 Boylston Street
Boston, MA 02116
800 888-2250 or 617-988-3100
Email: qship.help@state.ma.us
www.mass.gov/dhcfp *

* The Commonwealth of Massachusetts has initiated a web-portalization project. Web site addresses for state agencies are subject to change. If you encounter an obsolete web address, please use www.mass.gov to access information.

95


Exhibit "B"

# Access to Health Care in Massachusetts

A Catalog of Health Care Programs
for Uninsured and Underinsured Individuals
Third Edition

May 2004

Massachusetts Division of Health Care Finance and Policy
Executive Office of Health and Human Services



Mitt Romney, Governor
Commonwealth of Massachusetts

Ronald Preston, Secretary
Executive Office of Health and Human Services



September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

      Re: <u>Stern v. University of Massachusetts et als</u>.
          Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please find two pages, the first is listed as Exhibit 4A in the lower right hand corner, Access to Health Care in Massachusetts, A Catalog of Health Care Programs for Uninsured and Underinsured Individuals, third edition, May 2004.
    The second is a page from this guide, page 103, listed herein as Exhibit 4B in the lower right hand corner, the title of this page is Student Health Insurance. Please note the particular paragraph, middle of the page, entitled "Elgibility".

    As per the permission of this court I am submitting this to the court through facsimile transmission.

Thank you.

Sincerely,

*[signature: Scott Stern]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)
    Massachusetts Board of Higher Education
    "Mr. Getachew"



UNIVERSITY OF MASSACHUSETTS
AMHERST

227 Whitmore Administration Building
181 Presidents Drive
Amherst, MA 01003-9313

Office of the Dean of Students

voice: 413.545.2684
fax: 413.545.9704

August 29, 2004

Scott Stern
400 West Main Street
North Adams, MA 01247

Dear Mr. Stern:

As I told you in our most recent telephone conversation, I did as you had requested me to do. I spoke to Ms. Bernie Melby, Director of University Health Services. You were requesting that he "registration hold" on your record be lifted while you are appealing the fact that you were billed for basic health coverage in the Fall 2003 semester.

Ms. Melby informed me that she would not remove the hold. She suggested that you pay the outstanding amount of $705 and that if your appeal was approved they would gladly reimburse your funds.

Sincerely,

Gladys Rodriguez
Associate Dean of Students

Cc: Bernie Melby

The University of Massachusetts is an Affirmative Action/Equal Opportunity Institution        ♻ Printed on Recycled Paper