September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

      Re: Stern v. University of Massachusetts et als.
         Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please
find one document. This document is a letter from Gladys Rodriquez,
Associate Dean of Students, relative to conversations plaintiff and the
Dean of Students were having in an attempt to resolve this situation
between the University of Massachusetts Health Services and plaintiff.
    Please note the date of this letter. The date is August 29,
2004. In this letter Gladys Rodriquez makes mention that Bernie Melby
suggested that this plaintiff pay the amount, then seek a refund. At
the University of Massachusetts at Amherst, Bernie Melby is the refund
mechanism. Plaintiff's affidavit regarding conversation with Dan
MaGuffin is supportive of this fact.
    This letter indicates also that the Director of Health Services,
Bernie Melby, will not release the hold on the plaintiff's account.
    Please mark this letter as Exhibit "10" in the above referenced
action.
    Please note that the date the letter is written, and the comments
made by Bernie Melby, the inference can be made that the bill has not
been paid as of yet and there is an outstanding amount for this bill.
    Plaintiff herein requests that this document be marked as Exhibit
"10". The reason for this submission is to allow the court to better
understand the Policies at the University of Massachusetts at Amherst
and their conduct accordingly in the above referenced action.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason
for this submission is to clarify the action pending and to seek an
immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough(with enclosure)



**UNIVERSITY OF MASSACHUSETTS AMHERST**

406B Goodell Building
University of Massachusetts
140 Hicks Way
Amherst, MA 01003-9272

Student Loans/Campus Receivables

voice: 413.545.2377
fax: 413.577.2120
www.umass.edu/aco/sl

August 23, 2004

Scott Stern
400 West Main St.
North Adams, MA 01247

Re: Tuition bill # 15367709                    Due Date: 09/30/04

Dear Mr Stern:

Our files indicate an outstanding balance on your account for $ 885.00. Despite multiple bills issued by the Bursar's Office, the balance remains unpaid.

If you wish to dispute the balance due, you must contact this office at (413) 545-2377 on or before the due date of this notice to discuss the nature of your dispute.

This letter will serve as your **FINAL NOTICE**. It is being sent to notify you of the payment options available to you and the possible consequences of continued non-payment.

If you do not dispute the balance, you may forward your payment to us in the enclosed envelope. If you agree that the balance is accurate, but are unable to pay in full at this time, please call our office to discuss payment options. We have monthly billing programs available to assist you in resolving this balance. Every effort will be made to establish a reasonable repayment plan reflective of your ability to pay.

Regardless of which option you choose, you must be certain to respond on or before the due date shown above.

Unfortunately, if you fail to respond, we will have no alternative but to proceed by all legal means available to recover the amount due. These actions may include assignment of the outstanding balance to an outside collection agency, or an attorney for litigation. Both of these actions will result in additional costs assessed against the balance due. In additional, under MGL C.7A, C.62D and 815 CMR 9.00, any unpaid balances may be subject to late charges and processing fees, and intercept of State payment or Tax refunds.

We urge you to give this matter your immediate attention.

Sincerely,

Elizabeth B. Reardon
Collections Officer

Exhibit 11

The University of Massachusetts is an Affirmative Action/Equal Opportunity Institution                    ⊕ Printed on Recycled Paper

North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough(with enclosure)

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

                Re: <u>Stern v. University of Massachusetts et als.</u>
                    Civil Action NO. 04-30176

Dear Mr. Anastas,

        Enclosed for filing in the above referenced civil action, please
find one document. This document is a letter from the Student
Loans/Campus Receivables located at 406B Goodell Building, University
of Massachusetts, 140 Hicks Way, Amherst, Massachusetts 01003. The
writer of this letter is Elizabeth Reardon.

        This letter verifies plaintiff's stipulation that a certified
letter arrived demanding payment according to Massachusetts General
Laws and Code of Massachusetts Regulations. During the times the bills
were being issued by the Bursar's Office, plaintiff was in contact with
the Dean of Students Office in an attempt to resolve the situation.
        Plaintiff never willing signed any contracts to borrow monies
from the University for payment of any Student Health Insurance Plan.
        Plaintiff contacted Elizabeth B. Reardon and explained the
situation with this person. In no way did, the collections officer
refer to this bill as a "loan" or an amount that plaintiff had borrowed
from the university. Furthermore, in the upper left corner of the
letter the reference is made to Re: Tuition Bill#15367709 which is a
reference to plaintiff's student identification number.
        The letter refers to bills from the Bursar's Office for an
outstanding amount, and does not refer to loans made on plaintiff's
behalf.
        Please mark this letter as Exhibit "11" in the above referenced
action.
        The reason for this submission is to allow the court to better
understand the Policies at the University of Massachusetts at Amherst
and their conduct accordingly in the above referenced action.
        Pursuant to Federal Rules of Civil Procedure 28 (j) the reason
for this submission is to clarify the action pending and to seek an
immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street

*Health Services*
*577-5192*

# University of Massachusetts-Amherst:
## Fees for Academic Year 2003-2004(by semester)
### UNDERGRADUATE PART-TIME STUDENTS
#### Includes NC= Non-Classified & SP= Special Students

Tuition: Billed by the credit
In-State          $71.50
Out-of-State      $414.00
NE Regional       $107.25

## tuition:

| IN-STATE | OUT OF STATE | NEW ENGLAND REGIONAL |
|---|---|---|
| 1cr $71.50 | 1cr $414.00 | 1cr $107.25 |
| 2cr $143.00 | 2cr $828.00 | 2cr $214.50 |
| 3cr $214.50 | 3cr $1,242.00 | 3cr $321.75 |
| 4cr $286.00 | 4cr $1656.00 | 4cr $429.00 |
| 5cr $357.50 | 5cr $2070.00 | 5cr $536.25 |
| 6cr $429.00 | 6cr $2,484.00 | 6cr $643.50 |
| 7cr $500.50 | 7cr $2898.00 | 7cr $750.75 |
| 8cr $572.00 | 8cr $3,312.00 | 8cr $858.00 |
| 9cr $643.50 | 9cr $3,726.00 | 9cr $965.25 |
| 10cr $715.00 | 10cr $4,140.00 | 10cr $1,072.50 |
| 11cr $786.50 | 11cr $4,554.00 | 11cr $1,179.75 |

TWELVE (12) CREDITS OR MORE= FULL TIME BILLING

| MANDATORY FEES | MASS. RESIDENT/NE REGIONAL | NON-RESIDENT |
|---|---|---|
| One to Five Credits | | |
|     Service Fee | $402.00 | $402.00 |
|     Activities Fee | $ 14.00 | $ 14.00 |
|     Curriculum Fee | $620.00 | $725.00 |
|     *Only five credits must also pay: | | |
|     Mandatory Health Fee | $266.00 | $266.00 |
| Six to Eleven Credits | | |
|     Service Fee | $559.50 | $559.50 |
|     Activities | $ 28.00 | $ 28.00 |
|     Curriculum | $1240.50 | $1450.50 |
|     Mandatory Health Fee | $266.00 | $266.00 |

*Have to have Insurance b/cause*

## OTHER CHARGES:

| | |
|---|---|
| Late Payment Fee | $ 50.00 |
| Return Check Fee | $ 25.00 |
| Entering Fee Undergrad | $ 178.00 |
| Entering Fee Stockbridge | $ 70.00 |
| Graduating Fee | $ 110.00 |
| Engineering Fee: | |
|   12+ Credits | $ 160.00 |
|   6-11 Credits | 110.00 |
|   1-5 Credits | 60.00 |

### WAIVABLE FEES:

| | |
|---|---|
| Student Health Ins. | $ 705.00 |
|   (now billed by Term) | |
|   Spring Entry | 823.00 |
| Mass Pirg | $ 7.00 |
| Child Care | $ 1.00 |

*1,447. more*

*Total Insurance*
*$ 2,418*

*6 months*
*403; month   Jan 31, 2004*

*$ 3236.00*

*Exhibit*

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

> Re: <u>Stern v. University of Massachusetts et als</u>.
>     Civil Action NO. 04-30176

Dear Mr. Anastas,

       Enclosed for filing in the above referenced civil action, please find one document. This document is a generic statement of costs associated with the 2003-2004 academic year at the University of Massachusetts at Amherst. Plaintiff herein requests that this document be marked as Exhibit "8". This document, provided by the Bursar's Office, has an encircled amount in the lower right hand corner. This amount is a Student Health Insurance amount of $705.00 dollars. Directly above this circled reference is the underlined category "Waivable Fees". The reason for this submission is to allow the court to better understand the Policies at the University of Massachusetts at Amherst and their conduct accordingly in the above referenced action.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the action pending and to seek an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough(with enclosure)

## OFFICIAL DOCUMENT

PERMANENT DOCUMENT NO. _____Doc. T84-022_____

DOCUMENT TITLE___Supplemental Health Benefits Plan--UM/Amherst_____

_____

COMMITTEE___A&SA_____  DATE_March 21, 1984_____

PASSED BY THE BOARD ___6/6/84___

### SUPPLEMENTAL HEALTH BENEFITS PLAN—UM/AMHERST

That all students at the University of Massachusetts at Amherst be required to subscribe to the Supplemental Health Benefits Plan, except those who substantiate coverage under some other medical plan or insurance policy providing comparable benefits.  (Doc. T84-022)

Date__6/7/84_____

Changes in the vote, Document, etc.

Date_____

Exhibit "12"

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough(with enclosure)

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

          Re: Stern v. University of Massachusetts et als.
              Civil Action NO. 04-30176

Dear Mr. Anastas,

          Enclosed for filing in the above referenced civil action, please
find one document. This document is titled Board of Trustees, and is
dated June 6, 1984. Defendants and Defendants Counsel refer to this
document as authorization that they could engage in mandating students
below the minimum threshold established by the Massachusetts General
Court.
          The Qualifying Student Health Insurance Program was not
established until September of 1989. Thus between 1984 and 1989 the
University of Massachusetts simply mandated "all students". When the
law became effective, in September 1989, the Board of Trustees should
have modified their existing policies to reflect those changes. They
did not. What they did do was deny thousands of students personal
income. They denied these students their individual right to decide
whether or not they wanted health insurance. The Board of Trustees,
the University of Massachusetts Health Services, Chickering Group,
Aetna Inc., after 1989, during the next fifteen years, conspired to
defraud the class members. Please note there may have been other
groups administering the plans after 1989 and only upon discovery will
these parties be hereto named as co-defendants.
          Defendants and Defendants counsel utilize this document as being
"an official document" of which it is. However, what does not do is
supercede Massachusetts General Law Chapter 15A Section 18, the Code of
Massachusetts Regulations 114.6 CMR 3.00 and the Guidelines established
by the Division of Health Care Finance and Policy.
          Please mark this document as Exhibit "12" in the above referenced
action.
          As per the permission of the court, I am submitting this to the
court through facsimile transmission.
          Pursuant to Federal Rules of Civil Procedure 26 (j) the reason
for this submission is to clarify the action pending and to seek an
immediate Temporary Restraining Order against the defendants.

1

SEP-27-04 MON 4:04M 13017-1234567891234566          14136622511          P.03
Case 4:04-cv-30176-FDS   Document 32-2   Filed 09/27/2004   Page 10 of 19
Massachusetts Division of Health Care Finance and Policy                    Page 1 of 3

 

*mass.gov home · online services · state agencies*



**Massachusetts Division of Health Care Finance and Policy**
**Two Boylston Street**
**Boston, MA 02116-4737**

(617) 988-3100
TTY (617) 988-3175

Mitt Romney, Governor · Kerry Healey, Lt. Governor
Ronald Preston, Secretary, Executive Office of Health and Human Services
Paul Cote Jr., Commissioner

Resources for health care
in Massachusetts

Laws, regulations &
Public Hearings

The Library
Health policy research, reports
and newsletters

The Uncompensated Care Pool

Data Center

Worker's Compensation

Your Guide to Managed Care

Student Health Insurance

About Us

What's New

Search this web site

**Press Release**
460,000 Massachusetts Residents Report They Have No Health Insurance

**Uninsured Estimates**
The Massachusetts Residents Health Insurance Survey
-includes 2004 results

**DHCFP Cost Reporting Information and Software**
- Nursing Services
- Ambulance and Chair Car

**Acute Care Hospital Information Center**
Financial Reports (Q2 FY04)
and Inpatient Profiles (FY03 Annual)

**Review and Evaluation of Mandated Benefit Legislation**
Prostate Cancer

**Press Release**
Paul Cote Will Lead Division of Health Care Finance and Policy
- Will Also Serve As Assistant Secretary for Health Services

**Health Care Catalog**
*Access to Health Care in Massachusetts*
*- A Catalog of Programs for Uninsured and Underinsured Individuals*

**Analysis in Brief**
Non-Emergent and Preventable ED Visits

**Analysis in Brief**
Massachusetts Inpatient Hospital Trends

**Report to the General Court**
Payments for Prescribed Drugs (pdf)

**Health Insurance Survey of Massachusetts Employers**

- Comprehensive Results from the Survey
- Presentation to the Massachusetts Public Health Council (pdf)

**Massachusetts Maternity Statistics**
Labor and Delivery Practices of Massachusetts' Hospitals and Birth Centers

**Emergency Department Information**

*Exhibit*
*"6"*

http://www.mass.gov/dhcfp/                                        9/26/2004

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

      Re: <u>Stern</u> v. <u>University of Massachusetts et als.</u>
          Civil Action NO. 04-30176

Dear Mr. Anastas,

    Enclosed for filing in the above referenced civil action, please find one document entitled Massachusetts Division of Health Care Finance and Policy, herein requested to be listed as Exhibit "6". The reason for this submission is to allow the court to better understand what website they may refer to in determining plaintiff's success on the merits of the above referenced civil action. This website is located at: http://www.mass.gov/dhcfp/. In the left column of this page is a link to Student Health Insurance.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the action pending and to seek an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough(with enclosure)

them to enroll in Co-Ship, it
is discretionary.
— He is sending letter.


Ph 617 988 3131
Mr. Getachew

talked on 1/29/04 at 1.00 Pm.

02/09/04                                    2:10 Pm.

Mr. Getachew informed me
that his legal counsel
advised him "not to give
any thing in writing."
—He says law is clear about
part-time -Students.
— Students have to resolve
this problem with UMass
officials.

Conv. Denied students officership

Exhibit
"14"

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: Stern v. University of Massachusetts et als.
Civil Action NO. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please find
one document. This document is the handwritten notes referred to in
the complaint of plaintiff in the above referenced action. This
document represents the investigation by Suman Rastogi of the Student
Legal Services Office at the University of Massachusetts at Amherst in
the Spring of 2002.
    This letter indicates several things, first, that this attempt at
resolution has been an on-going process for several months. Two, this
verifies and substantiates exactly what plaintiff was stipulating in
his complaint to the court. Thirdly, it distinguishes and establishes
that the Division of Health Care Finance and Policy employee, "Mr
Getachew" responded without proper direction and threw the issue back
at plaintiff to seek restitution with University of Massachusetts
officials.
    As per the permission of the court, I am submitting this to the
court through facsimile transmission.
    Please mark this letter as exhibit 14 in the above referenced
action.
    Pursuant to Federal Rules of Civil Procedure 28 (j) the reason
for this submission is to clarify the action pending and to seek an
immediate Temporary Restraining Order against the defendants.
Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

Cc: Geoffrey B. McCullough (with enclosure)

My Conversation with Mr. Getachew of Div. of Health Care, Finan

Getachew from Div. of Health care
Students Taking less than 9 credits
do not need to take Q-ship.
But UMass can be called one

1115 Demonstration Waiver.

Mental Illness. Either:
(a) nine "biologically based" mental disorders appearing in the most recent edition of the Diagnostic and Statistical Manual (DSM); or
(b) rape-related mental disorders for victims of a rape or victims of an assault with intent to commit rape; or
(c) a non-biologically-based mental, behavioral disorders described in the DSM that substantially interfere with or substantially limit the functioning of a student under the age of 19; or
(d) any biologically based mental disorders appearing in the DSM that are scientifically recognized and approved by the Commissioner of the Department of Mental Health (DMH) in consultation with the Commissioner of the Division of Insurance (DOI); or
(e) all other mental disorders described in the most recent edition of the DSM.

Mental Health Professional: A Physician licensed to practice psychiatry, a licensed psychologist, and a licensed independent clinical social worker, a licensed mental health counselor, and a licensed mental health clinical specialist nurse.

Part-time Student. A student who participates in at least 75% of the academic requirements for full-time students.

Pre-existing Condition. Pre-existing condition means any condition, which originates, is diagnosed, treated, or recommended for treatment within six months immediately prior to the insured effective date under the insurance policy.

Public Institution of Higher Education. A institution of higher education listed in M.G.L. c. 15A, s. 5, including for purposes of 114.6 CMR 3.00 Quincy College;

School Year. The 365 day period commencing on the first day of the fall semester at each institution of higher education;

Student. A full-time or part-time student enrolled in a degree-granting program at an institution of higher education.

Exhibit

12/30/2001 12:00 PM

SEP-27-04 MON 13:06 123456789123456

.:] Display Reference Line

Code of Massachusetts Regulations
**114.6** CMR DIVISION OF HEALTH CARE FINANCE AND POLICY MEDICAL
3.00: **STUDENT** HEALTH INSURANCE PROGRAM
3.02 Definitions

## 3.02: Definitions

The following terms as used in 114.6 CMR 3.00 have the following meanings, except where the context clearly indicates otherwise:

Carrier. An insurer licensed or otherwise authorized to transact accident and health insurance under M.G.L. c. 175; a non-profit hospital service corporation organized under M.G.L. c. 176A; a nonprofit medical service corporation organized under M.G.L. c. 176B; a health maintenance organization organized under M.G.L. c. 176G; or an insured health benefit plan that includes a preferred provider plan approved under M.G.L. c. 176I.

Covered charges. The expenses which a carrier deems eligible for reimbursement under a health benefit plan;

Division. The Division of Health Care Finance and Policy established under M.G.L. c. 118G;

Free Care. Unpaid hospital or community health center charges for medically necessary services which are eligible for reimbursement from the Uncompensated Care Pool established at M.G.L. c. 118G, s. 18, and pursuant to the criteria set forth in 114.6 CMR 10.03. Types of free care include full free care, medical hardship, and emergency bad debt.

Full-time student. A student who meets the minimum academic requirements for full-time students as defined by the institution of higher education in which the student is enrolled;

Health benefit plan. Any health insurance program or other program through which an individual may obtain health benefits and services;

Independent institution of higher education. An institution of higher education maintained or conducted by any person, association, partnership, corporation or trust which furnishes or offers to furnish courses leading to an academic degree;

Institution of higher education. A public or independent institution of higher education located in Massachusetts;

Managed care program. A managed health benefit plan offered by a health maintenance organization organized under M.G.L. c. 176G, or an insured benefit plan that includes a preferred provider plan approved under M.G.L. c. 176I. "Managed care program" may also refer to an on-campus student health center.

The following text is effective 07/20/01

MassHealth. A Medicaid program administered by the Division of Medical assistance pursuant to M.G.L c. 118E and in accordance with Title XIX of the Federal Social Security Act, and Section

1 of 2

# GENERAL LAWS OF MASSACHUSETTS

## PART I.
### ADMINISTRATION OF THE GOVERNMENT
### TITLE II.
### EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE GOVERNMENT

CHAPTER 15A. PUBLIC EDUCATION

**Chapter 15A: Section 18 Qualifying student health insurance programs; participation; compliance procedures report; penalties for noncompliance**

Section 18. Every full-time and part-time student enrolled in a public or independent institution of higher learning located in the commonwealth shall participate in a qualifying student health insurance program. For the purposes of this section, ""part-time student" shall mean a student participating in at least seventy-five percent of the full-time curriculum. Such an institution may elect to allow students to waive participation in its student health insurance program or any part thereof; provided, however, that an institution permitting such waivers shall require students waiving participation to certify in writing prior to any academic year in which they will not participate in the institution's plan that they are participating in a health insurance program having comparable coverages.

Each public and independent institution of higher education shall submit an annual report to the division of health care finance and policy detailing its procedures for complying with the provisions of this section; provided, however, that prior to the implementation of this section the division of health care finance and policy and the council shall submit a report to the house and senate committees on ways and means. Such a report shall include, but not be limited to, an analysis of the number of students lacking health insurance, the costs of the requirements of this section to the students and the public and independent institutions of higher education, and a proposed method for meeting such costs.

Any public or independent institution of higher learning failing to carry out its responsibilities under this section shall pay a penalty per student for every day during which the failure continues, equal to the penalty per employee per day imposed upon noncomplying employers by subsection (i) of section fourteen G of chapter one hundred and fifty-one A. Any penalties collected pursuant to this section shall be deposited in the public responsibility account of the medical security trust fund established by chapter one hundred and eighteen F. Any institution which, in accordance with regulations promulgated pursuant to this section, relies in good faith on statements by students relative to their health insurance status shall not be liable for any penalty or for failure to comply with the provisions of this section caused by misstatements of such students.

The division of health care finance and policy, with the advice and consent of the council, shall issue regulations to define qualifying student health insurance programs, to establish procedures to monitor compliance, and to implement the provisions of this section.

Return to:

http://www.state.ma.us/legis/laws/mgl/15a%2D18.htm

12/30/03

Exhibit "A"

Cc: Geoffrey B. McCullough (with enclosure)

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: <u>Stern v. University of Massachusetts et als</u>.
    Civil Action NO. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please find three documents. The first is entitled "Massachusetts M.G.L. Chapter 15, Section 18" Plaintiff herein requests this to be marked as Exhibit "7A". The reason for this submission is to allow the court to better understand the Massachusetts State General Law directly from the Massachusetts State Government website. This website directly confirms the likelihood of success on the merits in the above referenced action and may be found at: http://www.state.ma.us/legis/laws/mgl/15a%2D18.htm

In the first paragraph is the definition of part-time student. Part-time student shall mean a student participating in at least seventy-five percent of the full-time curriculum.

Part-time students are required to participate in a health insurance program with the school they are attending or a comparable program. Plaintiff is not, and was not, technically a "part-time" Student at the University of Massachusetts at Amherst.

Plaintiff herein requests the two documents entitled "Social Law Library" to be marked as Exhibits "7B" and "7C". These two documents, located on the Social Law library website, refer to the Code of Massachusetts Regulations and reiterate the definition of part-time student status.

Pursuant to Federal Rules of Civil Procedure 28 (j) the reason for this submission is to clarify the action pending and to seek an immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

September 27, 2004

Tony Anastas, Clerk
United States District Court
Donohue Federal Building and Courthouse
595 Main Street
Worcester, Massachusetts 01608

Re: Stern v. University of Massachusetts et als.
Civil Action NO. 04-30176

Dear Mr. Anastas,

Enclosed for filing in the above referenced civil action, please
find three documents. The first is entitled "Massachusetts M.G.L.
Chapter 15, Section 18" Plaintiff herein requests this to be marked as
Exhibit "7A". The reason for this submission is to allow the court to
better understand the Massachusetts General Law directly from the
Massachusetts State Government website. This website directly confirms
the likelihood of success on the merits in the above referenced action
and may be found at: http://www.state.ma.us/legis/laws/mgl/15a&2D18.htm

In the first paragraph is the definition of part-time student.
Part-time student shall mean a student participating in at least
seventy-five percent of the full-time curriculum.
Part-time students are required to participate in a health
insurance program with the school they are attending or a comparable
program. Plaintiff is not, and was not, technically a "part-time"
Student at the University of Massachusetts at Amherst.
Plaintiff herein requests the two documents entitled "Social Law
Library" to be marked as Exhibits "7B" and "7C". These two documents,
located on the Social Law library website, refer to the Code of
Massachusetts Regulations and reiterate the definition of part-time
student status.
Pursuant to Federal Rules of Civil Procedure 28 (j) the reason
for this submission is to clarify the action pending and to seek an
immediate Temporary Restraining Order against the defendants.

Thank you.

Sincerely,