UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Scott Stern, ) Case No.: 04-30176-MAP
400 West Main Street )
North Adams, MA.  01247, ) MOTION FOR RECUSAL OF JUDGE DENNIS
and other persons similarly situated ) SAYLOR by 28 U.S.C. §455 AFTER ORAL
in the Commonwealth of Massachusetts; ) ARGUMENTS HEARD ON SEPTEMBER 23, 2004
and other persons similarly situated ) at the Central Division of the United
in the United States of America; and ) States District Court in Worcester,
other persons similarly situated not ) Massachusetts
currently residing within the )
Commonwealth of Massachusetts or the )
United States of America, )
)

       Plaintiff,
  vs.

University of Massachusetts at
Amherst
University Health Services
Director of Health Services,
Bernette Melby
150 Infirmary Way
Amherst, Massachusetts.    01003,
Defendant

and,

University of Massachusetts at
Amherst
Brian Burke, Associate Counsel
300 Whitmore Administration Building
Amherst, Massachusetts   01003
Defendant

and,

Massachusetts Board of Trustees,
One Beacon Street
26th Floor
Boston, Massachusetts   02108
Defendant

and,

1

Attachment "A"). Only subsection (a) of §455 is pertinent. It provides:

> Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Judge F. Dennis Saylor IV's actions and his impartiality can be reasonably questioned by his statements, rulings and decisions. The First Circuit recently elaborated on §455 in *United States of America v. Snyder*, 235 F. 3d 42 (1st Cir. 2000). The court upheld District Judge Harrington's *sua sponte* recusal in that case based upon his adamant expressed unwillingness to follow the sentencing guidelines. But the Court emphasized that "judges are not to recuse themselves lightly". *Ibid*. 45. Although a trial judge should recuse himself if his partiality can be reasonably questioned, he should not otherwise recuse himself because he has an equally compelling duty to sit. See *Liteky v. United States*, 510 U.S. §40 (1994); *United States of America v. Kennedy, Jr.*, 2001 U.S. Dist. Lexis 9570 (Dist. of Puerto Rico, 2001); *Cleveland v. Cleveland Electric Illuminating Co.*, 503 F. Supp. 368 (N.D. Ohio 1980).

Plaintiff researched, the term "impartial" in Black's Law Dictionary, its meaning is as follows: "favoring neither, disinterested; treating all alike; unbiased; equitable, fair, just"

Plaintiff experienced Judge F. Dennis Saylor IV favoring the defendants in this case, while at the same time being told that, by Judge F. Dennis Saylor IV, that he was not in the capacity to "offer advice" to the plaintiff in this case. The blatant act of supplying the case law for the defendant's counsel was analogous to a chess match between the plaintiff and defendant, wherein the Judge told the

3

defendants which chess piece to move, why to move the piece, and the result of moving the piece, which would be considered "check mate."

Plaintiff seeks a Temporary Restraining Order in order to continue his education through a federally funded program, the Massachusetts Rehabilitation Commission. Granting such an order would not harm the State by any means. The TRO would not be issued with prejudice or without prejudice for plaintiff and the pending litigation. It would simply allow plaintiff to enroll at the University of Massachusetts and continue his education. A granting of the TRO would ensure plaintiff's federal and state constitutional right to an education.

Wherefore, for the reasons above, plaintiff hereby respectfully requests and prays that Judge F. Dennis Saylor IV recuse himself in this pending litigation.

Respectfully submitted, on this 20th day of October, 2004.

*[signature]*

Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

4