UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
AT WORCESTER

Worcester Division                                Case No. 04-30176

Scott Stern,                )
                            )
   Plaintiff,               )
                            )
                            )
                            )
      vs.                   )
                            )
Bernette Melby, et al       )

OBJECTION TO MOTION TO DISMISS

NOW Comes Plaintiff in this matter and submits this Objection to dismiss this civil action against the defendants for the reasons herein stated.

The Plaintiff brought action for the purpose of attending the University of Massachusetts at Amherst in order to complete his degree and move his life forward. A simple act complicated by violations of person and person(s) that had no right to deny the plaintiff the ability to attend the University of Massachusetts at Amherst and, in so doing, demand payment of a health insurance fee or plan contrary to Massachusetts General Law, the Code of Massachusetts Regulations, and the Division of Health Care Finance and Policy.

- 1

Plaintiff has objected to the Judge providing case law to the defendants and demand a new hearing before a new Judge that the bias of the court was a violation of his due process and substantive rights of a citizen of the United States of America.

Plaintiff has motioned this court to recuse Judge Dennis Saylor for his obvious and biased remarks against the Plaintiff in this matter.

Plaintiff has motioned this court for reconsideration of the merits of his complaint.

Plaintiff has motioned this court to amend the complaint modifying the named defendants and removing defendants in this matter.

Plaintiff, acting on his own behalf, for this class action lawsuit that has not been certified as of yet, seeks to be allowed to enter the University of Massachusetts without having to pay a health insurance premium contrary to Massachusetts General Laws, the Code of Massachusetts Regulations and the Division of Health Care Finance and Policy.

Plaintiff submits, on his own behalf, the case law relative to a Pro-Se and the court, adhering to this case law, should grant the petitioner leave and time frames associated to pursuing this meritorious matter further.

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons,

allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

WILLIAM MCNEIL, PETITIONER v. UNITED STATES 113 S. Ct. 1980, 124 L. Ed. 2d 21, 61 U.S.L.W. 4468. Moreover, given the

clarity of the statutory text, it is certainly not a "trap for the unwary." It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see Houston v. Lack, 487 U.S. 266 (1988)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded"

- 4 -

are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Surreptitiously relying on rules and regulations without handling the meritorious claims of this case is an act by this court to not serve judiciously the people of the United States, the citizens of Commonwealth of Massachusetts and to use the color of law to allow University of Massachusetts at Amherst's Health Services, under the Direction of Bernette Melby to extort and collect monies contrary to Federal Law, The Federal Constitution, the Federal Code of Regulations, Massachusetts General Laws and the Massachusetts Constitution and the Code of Massachusetts Regulations wherefore Plaintiff moves this court to dismiss the motion to dismiss and proceed with the case on the merits and claims stipulated in the action and amendments filed.

Respectfully submitted this 30th day of November 2004

*[Signature: Scott Stern]*

Scott Stern

400 West Main Street

North Adams, Massachusetts 01247

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff in this action of Stern vs Bernette Melby et al, Case Number 04-30176 certify that I have caused a copy of the foregoing OBJECTION TO MOTION TO DISMISS, postage prepaid, to Massachusetts Division of Health Care Finance and Policy, Nancy Panaro, Esq Two Boylston Street, Boston, Massachusetts 02116; Attorney General of Massachusetts, Assistant Attorney General, Salvatore Giorlandino, One Exchange Place, 3rd Floor, Worcester, Massachusetts 01608; University of Massachusetts Board of Trustees, Geoffrey McCullough, Esquire, One Beacon Street, Boston, Massachusetts 02108; Massachusetts Board of Higher Education, Joseph C. Sullivan, Jr. General Counsel, One Ashburton Place, Boston, Massachusetts 02108 and the United States District Court, Worcester Division, Harold D. Donohue Federal Building & Courthouse, 595 Main Street, Worcester, Massachusetts 01608 by mail on November 30th, 2004.

November 30th, 2004                              *[Signature: Scott Stern]*
_____                              _____
Date of Mailing                                  Signature

- 6 -

# ACKNOWLEDGMENT CERTIFICATE

On this __30th__ day of __November__, 20__04__, before me, the undersigned notary public, personally appeared __Scott Stern__,
(name of document signer)
proved to me through satisfactory evidence of identification, which were __MA License__, to be the person whose name is signed on the preceding or attached document and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

(as partner for _____, a corporation)
(as _____ for _____, a corporation)
(as attorney in fact for _____, the principal)
(as _____ for _____, (a) (the)_____)

_Tracy McDaniel_
(official signature and seal of notary)
My Commission Expires __3/6/09__