UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

| | |
|---|---|
| Scott Stern,<br>　　Plaintiff<br><br>v.<br><br>University of Massachusetts at Amherst<br>Health Center,<br>Bernadette Melby, Director of Health<br>Services,<br>Brian Burke, Associate General Counsel<br>University of Massachusetts at Amherst,<br>Board of Trustees of the University of<br>Massachusetts,<br>Massachusetts Board of Higher Education,<br>Massachusetts Division of Health Care<br>Finance and Policy,<br>　　Defendants | C.A. No. 4:04-cv-30176-FDS |

**MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF
MOTION OF THE DEFENDANTS
MASSACHUSETTS BOARD OF HIGHER EDUCATION,
MASSACHUSETTS DIVISION OF HEALTH CARE FINANCE AND POLICY, AND
GETACHEW HABTEH-YIMER
TO DISMISS PLAINTIFF'S "CONSOLIDATED COMPLAINT OF
ALL AMENDMENTS"**

Pursuant to Local Rule 7.1(B)(3), the defendants Massachusetts Board of Higher

Education (the "Board"), the Massachusetts Division of Health Care Finance and Policy (the

"Division"), and Getachew Habteh-Yimer ("Mr. Habteh-Yimer")[1] request leave to file this Reply

---

[1] Mr. Habteh-Yimer is an employee of the Division. The *pro se* plaintiff Scott Stern (the "plaintiff") refers to Mr. Habteh-Yimer as "Mr. Getachew" in his "Consolidated Complaint of All Amendments" (the "Consolidated Complaint") dated November 3, 2004.

Memorandum in support of their motion to dismiss the plaintiff's Consolidated Complaint. There is good cause to allow this motion for leave for the following reasons:

1. On November 16, 2004, the Board, the Division, and Mr. Habteh-Yimer moved to dismiss the plaintiff's Consolidated Complaint because it fails to contain a "short and plain statement" of the plaintiff's claims against the Board, the Division, and Mr. Habteh-Yimer.[2] See Fed. R. Civ. P. 8(a), 8(e), and 10(b).[3] Specifically, the Consolidated Complaint is a 41 page meandering document[4] that is verbose, argumentative, and confusing.

2. On December 1, 2004, the plaintiff opposed the motion to dismiss. In opposing the motion, the plaintiff did not deny that his Consolidated Complaint is deficient in manner as described above. The gist of his opposition is that the pleading rules should be relaxed because he is a pro se litigant.

3. The plaintiff's pro se status does excuse him from filing a pleading that meets the minimum requirements of the Court's pleading rules in Fed. R. Civ. P. 8(a), 8(e), and 10(b). Those minimum requirements must be met in order for the Court to determine whether the plaintiff has stated a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The plaintiff has made that task difficult for the Court by insisting on going forward with his Consolidated Complaint instead of filing a an amended Consolidated Complaint that conforms

---

[2] The Board, the Division, and Mr. Habteh-Yimer submitted their Motion without waiving any other defenses that they have against the plaintiff's Consolidated Complaint, including immunity defenses.

[3] Alternatively, the Board, the Division, and Mr. Habteh-Yimer requested the Court enter an order directing the plaintiff to file an amended Consolidated Complaint that conforms with the Court's pleading rules. Id.

[4] The Consolidated Complaint has unnumbered pages.

with the Court's pleading rules. Having made that choice, the plaintiff should be subject to the penalty of dismissal of his Consolidated Complaint.

4. Although the Board, the Division, and Mr. Habteh-Yimer cannot fairly be expected to respond to the Consolidated Complaint due to its pleading deficiencies, it is doubtful whether the Consolidated Complaint even asserts any viable claims against the Board, the Division, and Mr. Habteh-Yimer for several reasons.

First, the Board and the Division are state agencies of the Commonwealth of Massachusetts and enjoy Eleventh Amendment immunity from suit in federal court. *Wojcik v. Massachusetts State Lottery Com.*, 300 F.3d 92, 101 (1st Cir. 2002); *Will v. Michigan Department of State Police, supra,* 491 U.S. 58, 70-71 (1989); *Pennhurst State School & Hospital v. Haldeman, supra,* 465 U.S. 465 U.S. 89, 120 (1984). The Eleventh Amendment also bars suits against the Board and Division in federal court for violations of State law. *Pennhurst State School & Hospital v. Halderman, supra,* 465 U.S. at 106. As for Mr. Habteh-Yimer, he enjoys qualified immunity from any claim arising from the violation of any federal right that was not clearly established at the time of the violation. *Hatch v. Department for Children, Youth and Their Families (State of Rhode Island),* 274 F.3d 12, 19 (1st Cir. 2001)(Section 1983 suit against child welfare official barred because he did not violate plaintiff's clearly established constitutional rights).

## CONCLUSION

The plaintiff's Consolidated Complaint fails to meet the minimum requirements for pleadings, and, accordingly should be dismissed. The Consolidated Complaint should also be dismissed as to the Board and the Division because of Eleventh Amendment immunity, and as to

Mr. Habteh-Yimer because of his qualified immunity.

>Respectfully submitted,
>
>THOMAS F. REILLY,
>ATTORNEY GENERAL OF MASSACHUSETTS
>
>_/s/ Salvatore M. Hill_
>
>Salvatore M. Giorlandino, BBO #548131
>Assistant Attorney General
>Office of the Attorney General
>Central Massachusetts Division &
>Government Bureau/Trial Division
>One Exchange Place, 3rd Fl.
>Worcester, MA 01608
>(508) 792-7600 ext. 109

Date: 12/1/04

Stern/ Stern ReplyMotDism.wpd

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 12/1/04