UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT STERN, )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>UNIVERSITY OF MASSACHUSETTS AT )<br>AMHERST; UNIVERSITY OF )<br>MASSACHUSETTS HEALTH SERVICES; )<br>BERNADETTE MELBY, DIRECTOR OF )<br>HEALTH SERVICES; BRIAN BURKE, )<br>ASSOCIATE COUNSEL, UNIVERSITY OF )<br>MASSACHUSETTS AT AMHERST; )<br>UNIVERSITY OF MASSACHUSETTS )<br>BOARD OF TRUSTEES; )<br>MASSACHUSETTS BOARD OF HIGHER )<br>EDUCATION; DIVISION OF HEALTH )<br>CARE FINANCE AND POLICY, )<br>)<br>      **Defendants.** )<br>) | Civil Action No.<br>04-30176-FDS |

**ORDER ON MOTION FOR RECUSAL**

On October 20, 2004, plaintiff Scott Stern, proceeding *pro se*, moved the Court to recuse the undersigned from this case, citing 28 U.S.C. § 455(a). Under § 455, "[a]ny justice, judge, or magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As the First Circuit has explained, § 455 forbids both the reality and objective appearance of partiality. *U.S. v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000). Even so, a trial judge can only "recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *Id.* at 45-46.

Generally speaking, Stern asserts that the undersigned exhibited favoritism towards the

defendants in this case during a hearing the Court held September 23, 2004, on Stern's motion for preliminary injunction. The crux of Stern's grievance appears to be that the undersigned favored defendants by directing them to brief the Court on the applicability of certain precedent to the facts of this case while, at the same time, the Court explained to Stern that it was not in a position to offer legal advice to him, a *pro se* litigant.

The Court concludes that nothing has occurred in this case that would cause the undersigned's impartiality reasonably to be questioned. Judges are specifically prohibited from giving *pro se* litigants legal advice. At the same time, this Court has a duty to follow controlling precedent, and the undersigned's impartiality cannot reasonably be questioned simply because it enlisted a party's assistance in explaining the relevance of such precedent. The remainder of Stern's complaints concern his displeasure with the Court's prior rulings, which are not properly challenged in a motion for recusal. Plaintiff's motion for recusal is therefore DENIED.

**So Ordered.**

      /s/ F. Dennis Saylor
      F. Dennis Saylor IV
      United States District Judge

Dated: December 10, 2004