UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT STERN,<br><br>      Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF MASSACHUSETTS AT AMHERST; UNIVERSITY OF MASSACHUSETTS HEALTH SERVICES; BERNADETTE MELBY, DIRECTOR OF HEALTH SERVICES; BRIAN BURKE, ASSOCIATE COUNSEL, UNIVERSITY OF MASSACHUSETTS AT AMHERST; UNIVERSITY OF MASSACHUSETTS BOARD OF TRUSTEES; MASSACHUSETTS BOARD OF HIGHER EDUCATION; DIVISION OF HEALTH CARE FINANCE AND POLICY,<br><br>      Defendants. | Civil Action No.<br>04-30176-FDS |

**ORDER ON MOTION FOR RECONSIDERATION**

**SAYLOR, J.**

      Plaintiff Scott Stern, proceeding *pro se*, has filed a motion to reconsider an order of the Court dated October 15, 2004, in which the Court denied Stern's motion for a preliminary injunction. Stern, a former part-time student at the University of Massachusetts at Amherst, sought a preliminary injunction requiring the school to remove the status of "administratively withdrawn" from his account and to permit him to enroll in courses. The Court denied Stern's motion on the grounds that he failed to demonstrate a substantial likelihood of success on the

merits, because (1) the Eleventh Amendment barred his claims or (2) the facts as presented in support of his motion did not appear to implicate violations of federal law.

Stern articulates no grounds for the motion to reconsider, stating only that the Court should reconsider its October 15 order "pending the consolidation of all submitted motions to amend the original complaint."[1]  In particular, Stern has not presented any legal argument or factual evidence in opposition to the Court's conclusions as stated in its October 15 order.

An order denying a preliminary injunction, like any interlocutory order, is subject to reconsideration by the trial court.  *See Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994).  "When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions."  *Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000).  A motion for reconsideration of an interlocutory order should be granted only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.  *Id.* (citation omitted).

Stern does not base his motion for reconsideration on an intervening change in the law, the discovery of newly available evidence, or clear error in this Court's denial of his motion for preliminary injunction.  Rather, he asks the Court to reconsider its denial of his motion for preliminary injunction "pending the consolidation of all submitted motions to amend the original complaint."  The Court interprets this request as one to reconsider the Court's conclusions in light of the new allegations contained in all of the proposed amended complaints.  For the following reasons, the Court will decline this invitation.

---

[1] Stern has filed no less than five motions to amend, or motions that are in essence motions to amend, since September 23, 2004.  The Court granted Stern's first motion to amend, to which he was entitled as of right.

First, Stern has not explained how the allegations contained in his proposed amended complaint relate to his motion for preliminary injunction. His motion for reconsideration, in fact, contains no statement of supporting reasons.

Second, in terms of the factors supporting reconsideration set forth above, new allegations are most akin to newly discovered evidence. Stern has not explained why he did not include the new allegations in his original complaint, submit them as statements in an affidavit in support of the motion for preliminary injunction, or present them to the Court in the form of argument during the hearing.

Third, the Court has read all of Stern's proposed amended complaints. They do not contain well-pleaded factual allegations that, if proven, would affect the legal conclusions the Court expressed in its October 15 order.

Fourth, and finally, Stern apparently misapprehends the significance of the Court's denial of his motion for preliminary injunction. Preliminary injunctions are intended to preserve the status quo pending trial on the merits. As such, the findings of fact and conclusions of law made by a court in granting or denying a preliminary injunction are not binding at the trial on the merits. *See* 18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478.5 (2d ed. 2002). If the Court allows his motions to amend, Stern then may have the opportunity to develop the facts as therein alleged and seek injunctive relief after a trial on the merits.

As Stern has not satisfied any of the applicable grounds for reconsideration, his motion is accordingly DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 10, 2004