March 1, 2005

Office of the Clerk
United States Court of Appeals
John Joseph Moakley U.S. Courthouse
1 Courthouse Way- Suite 2500
Boston, Massachusetts  02210


Richard Cushing Donovan, Clerk
Margaret Carter, Chief Deputy Clerk
Simon, Assistant to the Chief Deputy Clerk

RE: CASE NO. 04-2474


### STATUS REPORT
### OF STERN VS. UMASS, et al. Docket No 04-30176-FDS


To whom it may concern:

Please be aware that the MOTION TO ALLOW TRANSCRIPTS TO BE PAID AT GOVERNMENT EXPENSE filed in the United States District Court, Worcester Division, with Judge F. Dennis Saylor was ALLOWED.  Please note, in Judge Saylor's decision, which is enclosed, the Honorable Judge F. Dennis Saylor noted that the Appeal was "not frivolous", and the plaintiff/appellant, has brought forward an issue that is of a "substantial question."  Please allow this case to go forward.
The Judge did not allow the copying expenses to be included, and I am going to send a letter asking for them to be included forthwith.

I would like the court to know that I attempted to resolve this case with officials at the University of Massachusetts at Amherst in order to prevent this case from moving forward through the appeals process and the courts.  In my last letter to the court, I mentioned that my effort to resolve this was denied by the University of Massachusetts at Amherst Comptroller, the University of Massachusetts Vice Chancellor for Academic and Student Affairs as they were instructed by legal counsel of the University of Massachusetts at Amherst to not resolve this issue with me directly.  I even received a first letter by Director of Health Services, Bernette Melby, directing me to discuss any questions regarding this "ultra vires" fee with counsel Geoffrey McCullough.  This same individual, did not, cooperate sincerely with Suman Rastogi, a law clerk of the Student Legal Services Office, with me and with the Dean of Students for many, many months prior to the filing of the lawsuit.

Furthermore, I will submit, by affidavit, that the University of Massachusetts at Amherst Comptroller, for a second time, before my and personally heard by me, admitted that if this case were to be won on its merits, the University of Massachusetts at Amherst would "owe a lot of people a lot of money."  This statement, by the Comptroller, is, in

this humble person's opinion, an admittance of acknowledgement that the University of Massachusetts at Amherst Health Services may, in fact, be wrong, and have been over-charging students for many, many years.

The law is not one of ambiguity. For if that were the case, every law could be interpreted at will, by any entity, to suit their own financial or political agenda. The result is that the University of Massachusetts and others can interpret any law as it wants, not as the law is written, and then attempt to solidify their position by stating "they had the right to interpret the laws" paraphrased from lead Counsel Geoffrey McCullough of the University of Massachusetts at Amherst in the Worcester United States District Court on September 23, 2004.

Are we to become a society that allows officials, not judges appointed or elected, whether acting under color of law, or not, to determine, interpret, and to modify laws, without the consent of the people, without the knowledge of the elected representatives, without a means to allow those affected by such actions, the means by which to oppose, argue, or reject such "ultra vires fees", at their whim and fancy?

The question before you is one of great importance, to me, personally.

The question before you is one of great importance to many individuals that are unknown at this time; for these unknown students did not know what the University of Massachusetts Health Services did and is still doing.

In short, many students, both young and old, were not given the opportunity to accept or reject the health services fee by the University of Massachusetts at Amherst without knowledge of the law as enacted by their legislators, but merely took the word of the University of Massachusetts at Amherst Health Services as factual.

It was not. The law is clear. The code is clear. The guidelines are clear.

The University of Massachusetts at Amherst is wrong, and owes "a lot of people, a lot of money."

Thank you for your consideration and time in this matter.

Sincerely,

*[signature]*

Scott Stern
400 West Main Street
North Adams, Massachusetts   01247

Cc: Geoffrey B. McCullough
    Salvatore M. Giorlandino

his motion for reconsideration simply restates arguments that were previously raised and rejected. Accordingly, the motion for reconsideration will be denied.

## II.  Transcripts

Stern also seeks an order providing that transcripts of certain proceedings be prepared at the government's expense pursuant to 28 U.S.C. § 753(f). The Court has considered the issues in Stern's case and certifies that his appeal is not frivolous, but rather presents a substantial question. Therefore, the Court will order that the transcripts in question be prepared at the expense of the United States.

## III.  Copies

Stern also apparently seeks an order providing that the United States will pay for photocopies of the relevant transcripts. Section 753(f) of Title 28 does not provide for such photocopying to be done at the government's expense, and Stern has provided the Court with no other authority in support of his a request. Accordingly, that request will be denied.

### Order

To the extent that Stern's motion seeks reconsideration of the Court's order dismissing this case, that motion is DENIED. Stern's motion for the United States to pay for transcripts of the September 17, 2004 and September 23, 2004 proceedings in this Court is GRANTED. To the extent that Stern's motion asks for the United States to pay for photocopies of those transcripts, that motion is DENIED.

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated: February 18, 2005

2